289 A.2d 423.

NORTH AMERICAN PLANNING CORPORATION *vs.*
JOSEPH GUIDO.

APRIL 13, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an action of debt on judgment. It appears that on November 12, 1964, a justice of the Superior Court heard and denied the plaintiff's motion for summary judgment in the action. Some years later, in January of 1970, the case was assigned to the continuous jury trial calendar, and in April of 1970 a pretrial conference on the case was conducted by another justice of the Superior Court. During the pretrial conference counsel for each of the parties was ordered to file a memorandum of law, which was done.

Thereafter, the trial justice in a pretrial order dated June 10, 1970, concluded that the memorandum of plaintiff and that of defendant were to constitute additional pleadings and to be made a part of the declaration of plaintiff and the answer of defendant. He also concluded that certain proposed exhibits were to be admitted as full exhibits and to constitute a part of the record. The pretrial order further stated that "[t]he plaintiff's 'Motion for Judgment on the Pleadings' is reinstated, and is to be considered as a Motion for Summary Judgment on behalf of the plaintiff." The order also held: "The defendant's *Fourth* and *Fifth* Pleas, jointly, are to be considered as a Motion for Summary Judgment on behalf of the defendant. The affidavit of the defendant dated September 23, 1964 is to be considered as an affidavit filed pursuant to Rule 56 (e), R.C.P." The affidavit of defendant, it is to be noted, was before the justice who denied the prior motion of plaintiff in 1964. Subsequently, these motions were heard by the justice conducting the pretrial hearing, and on June 30 he granted the reinstated motion of plaintiff for summary judgment. From this judgment defendant is prosecuting an appeal to this court.

The controlling and, we think, dispositive issue here is whether in all the circumstances of this case it was error for a justice of the Superior Court conducting a pretrial conference to reinstate plaintiff's motion for summary judgment that had been denied by another justice of the same court on a prior occasion and to subsequently grant the reinstated motion. In our opinion, it was error on the part of the second justice to grant the reinstated motion, so called.

In the first place, we held in the recent case of *Columbus Ornamental Iron Works, Inc.* v. *Martin*, 103 R. I. 620, 240 A.2d 405 (1968), that the doctrine of "the law of the case" is violated when a justice of the Superior Court grants a

defendant's motion for summary judgment at a pretrial conference where the same motion had previously been denied by another justice of the same court. We indicated in *Columbus* that we were relying, at least in substantial part, upon the decision in *Payne* v. *Superior Court,* 78 R. I. 177, 80 A.2d 159 (1951).

It is to be conceded that in *Payne* we recognized that the doctrine of the law of the case does not have the finality of the concept of res judicata and admits of exceptions. In that case we acknowledged that it is a flexible rule and is in the nature of a statement of policy and convenience. In fact, in *Payne* we held that there were circumstances in that case of a compelling nature which led us to hold that the doctrine of the law of the case did not apply there and that the reversing of a decision by a trial justice was not error. The basic thrust of the decision in *Payne* is that "[w]here a pure question of law is involved, ordinarily the second justice should not, if the same question is presented to him in the same manner, review the action of the first justice." *Id.* at 184, 80 A.2d at 163. However, we recognized that where there is an alteration in the circumstances since the prior decision, the second justice may pass upon it with propriety.

In *Payne,* then, this court was passing upon a comprehensive issue. We were concerned there with the extent to which we would apply the doctrine of the law of the case to rulings of the justices of the Superior Court in a great variety of situations. However, in *Columbus* we were considering a very narrow application of that doctrine to a specific class of decisions, that is, those where a motion for summary judgment had been heard and determined. Underlying our decision in *Columbus* is our conviction that the very purpose of the motion for summary judgment and the end sought to be accomplished thereby dictates that the decisions on those motions, once made

by a justice of a trial court, should not again be reviewed by another justice of the same court absent the most compelling and exceptional circumstances.

We said in *Mill Factors Corp.* v. *L. S. Building Supplies, Inc.,* 103 R. I. 675, 240 A.2d 720 (1968), that a motion for summary judgment invokes a drastic remedy which is designed to eliminate trials found to be unnecessary by the justice deciding the motion and which, when granted, has the effect of denying a party to the action his day in court. It is clear, then, that so extreme a remedy should not be used as a substitute for a trial or as a device intended to impose a difficult burden on the non-moving party to save his day in court unless it is clear that no genuine issue of fact remains to be tried. The summary judgment is intended to pierce the veil of pleadings and to assess the proof in order to determine whether, because of the existence of a genuine issue of fact, a trial is necessary. *Gallo* v. *National Nursing Homes, Inc.,* 106 R. I. 485, 261 A.2d 19 (1970).

It is, then, in short, our opinion that once a motion for summary judgment has been heard and determined, the decision of the judge making such a determination should generally be free from review on renewal or reinstatement. It is to be conceded that in some cases which involve circumstances of a compelling nature, an exception might be made to the severity of this rule and the motion again subjected to judicial scrutiny by another judge. However, viewing the doctrine of the law of the case in this narrow perspective, it appears to us that the vesting of a trial justice with an appellate jurisdiction to review a prior decision of another trial justice on a motion for summary judgment should be rarely indulged.

We have examined the record without being persuaded that it has been extended by information by way of pleadings or affidavits or as a result of discovery procedures that

would warrant a finding that no genuine issue of fact remained to be determined. In that circumstance we conclude that no compelling reason for rehearing the motion for summary judgment exists and that, therefore, it was error on the part of the pretrial justice to make such a review and to reverse the decision entered on a prior hearing of the motion.

The appeal of the defendant is sustained, and the judgment appealed from is reversed.

*Warren M. Pulner, Joseph G. Miller,* for plaintiff.

*John P. Bourcier,* for defendant.