Doris WISE

v.

FLEET NATIONAL BANK.

No. 94–681–Appeal.

Supreme Court of Rhode Island.

Nov. 29, 1995.

Kevin S. Cotter, Providence.

Joseph Avanzato, Providence.

## ORDER

This matter was previously before the Supreme Court on September 12, 1995 pursuant to an order directing the parties to appear and show cause why the issues raised by this appeal should not be summarily denied and dismissed. By order dated September 15, 1995, we concluded that plaintiff, Doris Wise, had shown cause why her appeal should not be denied and dismissed and directed defendant, Fleet National Bank, to reappear before this court to show cause why the plaintiff's appeal should not be sustained. Both parties appeared before this court on November 21, 1995 pursuant to that order.

The plaintiff appeals from a summary judgment entered for the defendant bank. The plaintiff was the holder of four Rhode Island Housing and Mortgage Finance Corporation bonds. The defendant bank, as trustee of the bonds, called in the bonds. Two bonds were honored, and the remaining two were not. The defendant bank refused to honor the two bonds claiming that they represented replacement bonds for the two bonds that it had previously honored. The defendant bank was unable to account for the replacement bonds and was unable to find any record of payment for the bonds. The defendant bank further claimed that plaintiff, as a donee without consideration for the bonds, was not a holder in due course of the bonds. Therefore, the defendant bank argues, plaintiff's claims are subject to the defense of absence of consideration. In response, plaintiff argues that consideration for the bonds had been given by the donor, her father, a longtime client of the bank. On cross motions for summary judgment, a Superior Court justice granted the defendant bank's motion and denied plaintiff's motion.

As we have often stated, we will uphold a trial justice's granting of summary judgment when our review reveals no issue of material fact and the moving party is entitled to judgment as a matter of law. *Hydro–Manufacturing, Inc. v. Kayser–Roth Corp.*, 640 A.2d 950, 954 (R.I.1994). Here, the trial judge found that:

"Uppermost in the Court's mind is that Doris Wise is not a holder in due course of these funds. She paid no consideration for the funds. They were a gift from her father. There is absolutely nothing in the record that shows that the father owned more than two bonds which he directed to be transferred to his daughter as a gift * * *."

It appears from the record, however, that the hearing justice in the Superior Court engaged in fact finding and premised his decision upon the weight and credibility of record. This he cannot do. *Palazzo v. The Big G Supermarkets, Inc.*, 110 R.I. 242, 292 A.2d 235, 237 (1972).

Clearly, there exist material issues of fact regarding the issuance of the bonds in question; namely, how the bonds came to be issued. It remains for the court to probe the existence or the non-existence of the defendant bank's procedure with regards to the issuance and replacement of bonds. In order to make such a factual determination, the defendant bank must present any available records kept by the bank to account for the bonds. It is therefore the opinion of this court that such an inquiry constitutes a material question of fact that must be determined by a jury. As we have often stated, material issues of fact cannot be resolved by a trial judge. *Slefkin v. Tarkomian*, 103 R.I. 495, 496, 238 A.2d 742 (1968) ("[t]he question for the trial justice was whether there was a genuine issue as to any material fact and not how that issue should be determined"). Hence, the defendant bank was not entitled to judgment as a matter of law.

It is the conclusion of this Court that plaintiff's appeal be sustained, the order ap-

pealed from vacated, and the papers of the case remanded to the Superior Court.

WEISBERGER, C.J., did not participate.