**Christian P. BOURG**

v.

**BRISTOL BOAT CO., et al.**

**No. 96–233–Appeal.**

Supreme Court of Rhode Island.

Jan. 13, 1998.

**970**

James P. Marusak, Dennis T. Grieco, II, Providence, for Plaintiff.

Henry M. Swan, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

1. "And therefore never send to know for whom the bell tolls; It tolls for thee." John Donne, *Devotions upon Emergent Occasions*, No. 17 (1624).

2. The defendants consist of various corporate entities—Bristol Boat Company, Inc., Bristol Marine Company; and JCDC Operations, Inc., d.b.f. Bristol Yacht and Marine Service—and several individual defendants—Clinton Pearson, Joshua Pearson, Carolyn Pearson, and Dana Pearson—

## OPINION

FLANDERS, Justice.

When a motion for summary judgment has been filed and properly supported, a litigation death knell begins to toll. Unless the opposing parties—in this lawsuit a boatbuilder and its sundry corporate affiliates—can still this doleful dirge by showing the existence of a genuine issue of material fact, all legal clamor will soon subside into a final judgment for the movant and the opponents' case will be pronounced dead in the water.[1]

Here the Superior Court entered a judgment for the plaintiff, Christian P. Bourg, after he moved for summary judgment on his claims against the defendants[2] for breach of a settlement agreement and an accompanying promissory note. On appeal defendants challenge this ruling. Before we explain why we affirm the Superior Court's judgment, we pause briefly to cover the factual waterfront.

On April 2, 1990, plaintiff and defendants entered into a written agreement whereby defendants agreed to construct and deliver a yacht to plaintiff on or about July 1, 1990. However, defendants failed to live up to their promises. Thereafter, on October 22, 1990, both parties executed the written settlement agreement and promissory note that are at issue here. Pursuant to the settlement agreement, plaintiff agreed (1) to pay to defendants an additional sum of $35,000 for the delivery of the yacht and (2) to provide defendants with an $80,000 loan to complete construction of the vessel. On that same day defendants also executed a note obliging them to repay the $80,000 loan to plaintiff in annual installments plus interest (such amounts to be repaid in their entirety by November 1, 1994). However, like the yacht itself, the settlement agreement soon proved

sued both as individuals and in their capacities as officers of the corporate defendants. The lower court granted the plaintiff's summary-judgment motion concerning the corporate defendants, but denied his motion without prejudice in regard to the defendants in their individual capacities. Thereafter it entered a Super.R.Civ.P. 54(b) final judgment against the corporate defendants (hereinafter referred to as defendants).

to be just another hole in the water into which the plaintiff threw his money. After defendants failed to make certain payments on the note when due and ignored plaintiff's demand for payment, plaintiff filed this lawsuit. When he later moved for summary judgment, he claimed that defendants owed him $59,081.15.

■ In reviewing the Superior Court's decision to grant this motion, we apply the same standard as the trial court. Thus we review the pleadings, affidavits, admissions, and other relevant portions of the record in a light most favorable to the nonmoving defendants to determine whether there is a genuine issue of material fact to be decided at trial. *See St. Paul Fire & Marine Insurance Co. v. Russo Brothers, Inc.*, 641 A.2d 1297, 1299 (R.I.1994). However, the opposing parties will not be allowed to rely upon mere allegations or denials in their pleadings. Rather, by affidavits or otherwise they have an affirmative duty to set forth specific facts showing that there is a genuine issue of material fact. *See id.*; Super.R.Civ.P. 56(e). We hold that in this case defendants failed to carry their summary-judgment burden as the nonmoving parties.

■ The defendants' response consisted of a paltry three-paragraph affidavit containing mostly conclusory assertions and lacking the specific factual details that would be required to raise a genuine issue of material fact. "Something more than conclusory statements must be offered by the party opposing the entry of a summary judgment. Although an opposing party is not required to disclose in its affidavit all its evidence, he must demonstrate that he has evidence of a substantial nature, as distinguished from legal conclusions, to dispute the moving party on material issues of fact." *Gallo v. National Nursing Homes, Inc.*, 106 R.I. 485, 489, 261 A.2d 19, 21–22 (1970). But here defendants' affidavit consisted of vague and conclusory statements that "[a]t the time of the execution of the promissory note and settlement agreement upon which Plaintiff relies, it was understood and agreed" that a "substantial" part of the note would be paid for by services to be rendered by defendants to plaintiff and that defendants provided such services until plaintiff allegedly "breach[ed] his agreement." There is no indication as to who exactly entered into this alleged agreement, where it took place, what exactly they agreed to, or how much of the note would be paid for by such services. Nor have any of the other surrounding details been provided.

■ Moreover, the statement in defendants' affidavit that the alleged oral modification was agreed to *"[a]t the time of* the execution of the promissory note and settlement agreement"* (emphasis added) eviscerates defendants' contention on appeal that it was in fact a subsequent oral modification. Rather, because the affidavit recites that this alleged oral side agreement was entered into *at the time of* the settlement agreement and promissory note, it would have constituted a contemporaneous modification that would merge into the integrated promissory note and settlement agreement and thus be barred from admission into evidence under the parol evidence rule. *See, e.g., Inleasing Corp. v. Jessup*, 475 A.2d 989, 993 (R.I.1984); *Fram Corp. v. Davis*, 121 R.I. 583, 586–88, 401 A.2d 1269, 1272–73 (1979). In short, this alleged contemporaneous oral modification was legally "immaterial in ascertaining the terms of the transaction" between plaintiff and defendants. *Fram Corp.*, 121 R.I. at 587–88, 401 A.2d at 1272.

■ Finally, although parties to an integrated written contract—that is, "one where the parties adopt a writing or writings as a final and complete expression of [their] agreement," *id.* at 587, 401 A.2d at 1272—can modify their understanding by a subsequent oral pact, to be legally effective there must be evidence of mutual assent to the essential terms of the modification and adequate consideration. *See Fondedile, S.A. v. C.E. Maguire, Inc.*, 610 A.2d 87, 92 (R.I.1992). Here the defendants adduced no competent evidence of either mutual assent to particular terms or of a specific consideration that would be sufficiently definite to constitute an enforceable subsequent oral modification to the parties' earlier written agreements. Thus legally this alleged oral alteration was all sail and no anchor.

For these reasons the defendants' appeal is denied and the judgment appealed from is affirmed.