DECISION
The Defendant, General Electric Company ("GE") moves for Summary Judgment. GE asserts that no issue of material fact exists to warrant this case proceeding to trial. Jurisdiction is pursuant to Super. R. Civ. P. 56(c).
 Facts/Travel of the Case
This is an asbestos-related product liability action which was commenced in October of 2000 against twenty-nine defendants. Mr. Totman alleges he sustained personal injuries as the result of occupational exposure to asbestos and asbestos-containing materials as a boiler technician and boilermaker from approximately 1939 to 1947 and as an oil burner technician from 1961 to 1973. He alleges those exposures caused him to develop malignant mesothelioma, which was diagnosed on April 5, 2000.
In January of 2001, Mr. and Mrs. Totman ("Plaintiffs") amended their Complaint to add an additional defendant. Since that time, several defendants have been withdrawn from the case either by motion or by settlement. The present application before this Court is GE's Motion for Summary Judgment. With regard to the Defendant, GE; Plaintiffs' allegations stem from the boiler work performed by Mr. Totman on U.S. Navy ships while he was employed at the Quincy ForeRiver Shipyard for Bethlehem Steel. In its Memorandum, GE argues that Plaintiffs' motion should be summarily denied on the grounds that discovery in this action demonstrates that Plaintiffs have no reasonable expectation of offering at trial either product identification evidence against GE or evidence that demonstrates a causal connection between Mr. Totman's alleged injuries and a product manufactured by GE.
 The Parties' Arguments
An asbestos exposure case requires proof of both product identification and exposure evidence. See, Thomas v. Amway Corp., 488 A.2d 716, 718-722 (R.I. 1985) and Gorman v. Abbot Laboratories, 599 A.2d 1364 (R.I. 1991). GE argues that, to date, Plaintiffs have not produced sufficient evidence of either. Additionally, GE argues, they have no reasonable expectation of producing such evidence in the future. In support of its motion, GE submits the testimony of Mr. Totman and the affidavit of David Hobson.
According to GE, Mr. Totman did not identify at his January 19, 2001 deposition any asbestos-containing products manufactured by GE with which he may have worked or to which he may have been exposed. At his audiovisual deposition taken on January 24, 2001, he testified that he worked in the vicinity of marine turbines on occasion, although he had no responsibility for the marine turbines and never worked on them. (Mr. Totman's January 24, 2001 Deposition at 46, 49-50.) GE argues that Mr. Totman's identification of GE as one of the marine turbine manufacturers is merely unsubstantiated deposition testimony which does not constitute a prima facie case. GE also argues that the GE products alleged to be present where Mr. Totman worked did not contain thermal insulation. According to the affidavit of David Hobson (attached to Defendant's Memorandum as Exhibit C,) GE's marine turbines are complex mechanical devices made of various metal alloys and are manufactured and shipped with only a coat of paint on the surface of the metal. GE, he states, did not manufacture, sell, distribute, or supply marine turbines equipped with thermal insulation; nor did it specify the material to be used to insulate its marine turbines. According to Mr. Hobson, any thermal insulation materials, including thermal insulation blankets, that may have been applied to GE's marine turbines after they left GE's manufacturing facility would have been supplied and installed by entities other than GE. GE concludes that the Plaintiffs, having failed to produce sufficient evidence of product identification and/or exposure evidence against GE and having no reasonable expectation of producing any such evidence, have not met their burden in establishing a prima facie case of asbestos exposure. Therefore, GE contends that Summary Judgment is appropriate.
Plaintiffs rebut GE's motion by submitting the following evidence in support of their claim: Plaintiffs' interrogatory answers; Mr. Totman's testimony; GE's admissions in its Responses to Plaintiffs' Requests for Admission dated September 28, 2001; GE's admissions in its Responses to Plaintiff's Requests for Admission in the Perusse v. A.C. and S., Inc., et al., Superior Court, PC 2000-5768; the sworn affidavit of Edwin Fletcher, who worked at the Avondale Shipyards in the capacity of Chief Engineer and Vice President of Engineering and Vice President from 1955-1962; and the testimony of Anthony Vigliotta, an electrical inspector working in the Federal Shipbuilding shipyard in Kearny, N.J. from 1941 to 1943.
At the outset, this Court rejects Plaintiffs' proffer of evidence pertaining to certain admissions GE made in Perusse v. A.C. and S., Inc., et al., Superior Court, PC 2000-5768. This evidence is inadmissible as proof of the present claim. Rule 36(b) of the Superior Court Rules of Civil Procedure states:
 "Effect of Admission. Any matter admitted under this rule [regarding "Requests for admission"] is conclusively established unless the court on motion permits withdrawal or amendment of the admission. . . . Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by the party for any other purpose nor may it be used against the party in any other proceeding except in a subsequent action between the same parties involving the same claim."
As GE's admission in the Perusse case is prohibited for any purpose beyond the Perusse claim, this Court will not consider it in determining the present Motion for Summary Judgment.
Plaintiffs refer first to their interrogatory answers in response to movant GE's arguments. The interrogatory answers list the job sites where Mr. Totman worked and the years he worked at those sites. According to their interrogatory answers, Mr. Totman worked at the Quincy ForeRiver Shipyard in Quincy, MA from approximately 1939 to 1946. (See, Plaintiffs' Exhibit 1.) Mr. Totman also indicates in his interrogatory answers the identity of several of the ships he recalls working on during this time period in his interrogatory answers. (See, id.) Additionally, Mr. Totman testified at his January 24, 2001 deposition that he worked on ships where GE turbines were being installed and insulated. (See, Plaintiffs' Exhibit 2.) Although he primarily worked on the boilers and in the fire rooms, he testified that he worked in the same vicinity where the turbines were being installed (Id. at 21, 46-51); that he often walked through the turbine areas while they were being worked on (Id. at 46-47, 50), and that on some occasions the fire room and turbine room were one and the same (Id. at 50).
Furthermore, Plaintiffs argue GE admitted in its Responses to Plaintiffs' Requests for Admission dated September 28, 2001 that it has done business in the State of Rhode Island (Plaintiffs' Exhibit 3, Resp. 1) and that it "manufactured and sold marine steam turbines for use on [eleven] ships on which Mr. Totman has claimed exposure. . . ." (Id., Resp. 2.) Additionally, GE stated that it "is in the process of searching for turbine files and, if they become available, GE will produce them to plaintiffs . . .," (Id., Resp. 4-8 and 10) and "is still in the process of searching for any existing master turbine files, service records, drawings, part lists, brochures, promotional materials, and specifications for the turbines on [Mr. Totman's] ships and GE's investigation will continue." (See, GE's response to Supplemental Interrogatories and Requests to Produce.) Therefore, Plaintiffs argue, summary judgment is both inappropriate (due to remaining factual issues) and premature (due to the outstanding discovery).
In addition, Plaintiffs submit the sworn affidavit of Edwin Fletcher, who worked at the Avondale Shipyards in the capacity of Chief Engineer and Vice President of Engineering and Vice President from 1955-1962. (See, Plaintiffs' Exhibit 5.) According to Mr. Fletcher's affidavit, asbestos-containing products were being used in the installation of a GE gas turbine aboard a barge. Mr. Fletcher noted that
 "General Electric occasionally had representatives present during the installation of the gas turbine . . . [and that GE] provided specifications and/or drawings that detailed the requirements of insulation normally required. The installation of the large gas turbine included insulation with asbestos-containing cloths, cements, block, gaskets, and pipe covering." (Id., Resp. 4.)
Although, Mr. Fletcher was referring to a specific GE turbine not at issue in the present case, Plaintiffs argue a jury could reasonably infer that GE's marine turbines, or many of the turbines that Mr. Totman worked near, required the same asbestos-containing insulation, possessed the same specifications or had the same types of GE representatives on site directing work. This too, Plaintiffs argue, is a factual issue that needs to be fleshed out at trial.
Lastly, Plaintiffs submit the deposition testimony of electrical inspector, Anthony Vigliotta. Mr. Vigliotta was deposed regarding a different lawsuit entitled In re: New York City Asbestos Litigation on August 31, 1999; September 1, 1999; and September 2, 1999. (Plaintiffs' testimony is attached to Plaintiffs' Memorandum as Exhibits 6, 7, and 8.) Mr. Vigliotta testified that GE would have contractor representatives on site "representing their company working in the Federal Shipbuilding." (Plaintiffs' Exhibit 7 at 229.) "Any time a major assembly that related — belonged to a special company like . . . GE, there would always be a GE representative . . . to make sure that their equipment was being properly put in place and all that." (Plaintiffs' Exhibit 8 at 398-99.) He described the turbine area as a "high density" asbestos area. (Plaintiffs' Exhibit 6 at 390.) He noted that the turbines had to be covered with asbestos blankets and that he probably "got some exposure from examining and testing . . . the GE . . . components, of which there were many aboard the ship." (Plaintiffs' Exhibit 8 at 381.) He further testified that "usually, the turbines that were driving the generators were highly intense asbestos-related products that went onto it as far as the insulating of the turbines and the piping necessary to feed the turbines." (Id. at 387.)
In light of the foregoing, Plaintiffs argue they have amply presented their prima facie case. They argue the evidence of record when viewed in the light most favorable to them, creates a genuine issue of fact for a jury.
 Summary Judgment
In deciding a motion for summary judgment, the trial judge examines the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits of the parties to determine whether these documents present a genuine issue of fact. Volino v. General Dynamics, 539 A.2d 531, 532-33 (R.I. 1988). The trial judge views the evidence in a light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in support of the nonmoving party's claim but without resolving the facts. Holliston Mills, Inc. v. Citizens Trust Co., 604 A.2d 331, 334 (R.I. 1994). If, after such a review, factual issues remain upon which reasonable minds might differ, the issues must be submitted to a jury for determination. DeChristofaro v. Machala, 685 A.2d 258, 262 (R.I. 1996). The Court cannot pass on the weight and credibility of the evidence. Palazzo v. Big G. Supermarkets, Inc., 242 A.2d 235 (R.I. 1972). The Court's purpose is issue finding not issue determination. Id.
A party opposing the motion "cannot rely solely on mere allegations or on the denials contained in the pleadings to defeat the motion." Avco Corp. v. Aetna Casualty Surety Co., 679 A.2d 323, 327 (R.I. 1996). The opposing party must provide evidential facts to show, to the satisfaction of the court, that there is a substantial material factual issue in dispute. Hydro-Manufacturing, Inc. v. Kayser-Roth Corp., 640 A.2d 950, 954 (R.I. 1994). A litigant cannot avoid summary judgment by merely posing factual possibilities without submitting admissible evidence thereof. Nichols v. R.R. Beaufort Assoc., Inc., 727 A.2d 174 (R.I. 1999).
 Conclusion
An examination of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits of the parties in the present action — when viewed in the light most favorable to the Plaintiffs — persuades this Court that factual issues exist to warrant this case going to trial. Mr. Totman testified that he worked near turbines which GE has admitted in its responses it manufactured. Whether the GE product ever contained any quantity of asbestos or whether GE ever directed persons in the installation of asbestos materials in GE products are issues for a jury to determine. A trial allows the parties to present expert testimony for the jury to consider. A jury, not a trial justice, decides matters of credibility. Palazzo, supra. Likewise, it is for a jury to determine whether the GE product was a substantial factor in causing Mr. Totman's illness. While there may be several possible causes of Mr. Totman's alleged injuries, a proximate cause need not be the sole and only cause if it concurs and unites with some other cause which, acting at the same time, produces the injury. Hueston v. Narragansett Tennis Club, Inc., 502 A.2d 827 (R.I. 1986).
So extreme a remedy as summary judgment should not be used as a substitute for trial or as a device intended to impose a difficult burden on nonmoving party to save his [or her] day in court unless it is clear that no genuine issue of fact remains to be tried. North Am. Planning Corp. v. Guido, 289 A.2d 423, 110 R.I. 22 (R.I. 1972). A judge's function when considering a summary judgment motion is not to cull out the weak cases from the herd of lawsuits waiting to be tried; rather, only if the case is legally dead on arrival, should the court take the drastic step of administering the last rites by granting summary judgment. Mitchell v. Mitchell, 756 A.2d 179 (R.I. 2000).
Plaintiffs have set forth a prima facie case in which there are genuine issues of material fact to be decided at trial. Accordingly, GE's Motion for Summary Judgment is denied. Counsel shall prepare the appropriate order for entry.