DECISION
The Defendant, John Deere Company ("John Deere"), moves for summary judgment pursuant to Super. R. Civ. P. 56. The Plaintiffs, Marilyn Downs ("Ms. Downs") and her minor child, Erin Downs (collectively "Plaintiffs"), object to the motion.
 Facts and Travel
Ms. Downs filed a complaint in this Court on March 24, 2006, alleging, inter alia, that she suffered asbestos-related injuries after working as a general laborer on a corn farm in Nebraska in 1979. Ms. Downs contends that she used a tractor and combine manufactured by John Deere, and that she was present when the owner of the farm cleaned the asbestos containing engine of the tractor with an air hose and when he removed the wheels of the tractor to check the brakes.
John Deere has filed the instant motion for summary judgment, positing that no engine parts were removed, replaced, or exposed during the inspection periods. John Deere submits the testimony of Thomas Hitshusen, an engineer for John Deere, to support its assertion that no asbestos fibers could have been released from the tractor or combine engines during the inspections as they were described by Ms. Downs. Defendant further contends that the brake *Page 2 
systems were "wet," or bathed with oil, so that the release of asbestos fibers from the brake system would have been impossible. John Deere further asserts that Ms. Downs was not in close enough proximity to the machines as they were inspected to have inhaled or ingested any released asbestos fibers. Defendant argues that summary judgment is appropriate in this case, as Ms. Downs has provided no evidence to contradict its conclusions.
 Standard of Review
In reviewing a motion for summary judgment, the Court must view all facts and reasonable inferences in a light most favorable to the nonmoving party. Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126
(R.I. 2001) (citations omitted). Summary judgment is appropriate if there are no material facts in dispute, and the moving party is entitled to judgment as a matter of law. Id. The moving party bears the initial burden of establishing that no genuine issues of material fact exist.Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001). If the moving party is able to sustain its burden, then the opposing party must demonstrate the existence of substantial evidence to dispute the moving party on a material issue of fact. See id.; see also Hydro-Manufacturing, Inc. v.Kayser-Roth Corp., 640 A.2d 950, 954 (R.I. 1994); Bourg v. Bristol BoatCo., 705 A.2d 969, 971 (R.I. 1998) (citations omitted). The opposing party need not disclose all of its evidence, but it must demonstrate that evidence beyond mere allegations exists to support its factual contentions. See e.g. Ludwig v. Kowal, 419 A.2d 297, 301 (R.I. 1980);Nichols v. R.R. Beaufort Assoc., Inc., 727 A.2d 174, 177 (R.I. 1999);see also Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998) (citations omitted). The trial judge does not pass upon the weight and credibility of the evidence and will deny a motion for summary judgment where the party opposing the motion has demonstrated the existence of a triable issue of fact. See Palmisciano v. Burrillville RacingAss'n., 603 A.2d 317, 320 (R.I. 1992) (citations omitted). *Page 3 
 Analysis
Plaintiffs oppose summary judgment, contending that Ms. Downs's deposition testimony provides sufficient evidence of product identification and causal nexus between Defendant's product and Ms. Downs's injury to survive summary judgment. See Celotex Corp. v.Catrett, 477 U.S. 317, 319-320 (1986). Plaintiffs posit that Ms. Downs identified John Deere as the manufacturer of the farm equipment that she used and that she witnessed her employer inspecting the machines. Plaintiffs argue that John Deere engine gaskets contain asbestos, a fact that John Deere has not denied, and that whether such asbestos could have been airborne when an air hose was used to clean the engine is a genuine dispute of fact for trial.
Plaintiffs compare their case to this Court's decision in Totman v. A.C. and S., Inc., C.A. No. 00-5296, 2002 R.I. Super. LEXIS 23 (February 11, 2002). They contend that here, as in Totman, the Plaintiff identified the product, asserted that Defendant's product contained asbestos, and that Plaintiff worked in close proximity to Defendant's product. Id. The possibility that Defendant's product contained asbestos was not foreclosed by Defendant's evidence in either case. Id. Finally, the questions of whether the Plaintiff was ever exposed to asbestos by working near the Defendant's product or whether such exposure was the cause of Plaintiff's injury, were found in Totman to be questions for the jury to determine. See Totman, C.A. No. 00-5296, 2002 R.I. Super. LEXIS 23 (February 11, 2002).
This Court agrees that similarities exist between Ms. Downs's case and the situation in Totman. There, Mr. Totman never worked directly with the GE turbines that were alleged to cause his injury, but the issue of whether asbestos from installing the turbines could have been airborne and affected a nearby worker was in dispute. Here, similarly, Defendant argues that the connection is too attenuated, but again, Ms. Downs has offered testimony identifying *Page 4 
Defendant's product and establishing that she was in close proximity to the machines when the asbestos-containing parts were exposed and cleaned. As in Totman, this Court finds that the issues of exposure and causal nexus are issues for trial. A trial allows a jury to hear expert testimony and to determine the credibility of the witnesses. See Palazzov. Big G. Supermarkets, Inc., 110 R.I. 242, 292 A.2d 235 (1972). Summary judgment is not intended as a substitute for trial, and a trial judge cannot pass on the weight of the evidence. See North Am. Planning Corp.v. Guido, 110 R.I. 22, 25, 289 A.2d 423, 425 (1972). Because the parties have presented contradictory evidence, the Court finds that this case does not warrant summary judgment.
 Conclusion
Summary judgment is an extreme remedy. North Am. Planning Corp. v.Guido, 110 R.I. 22, 25, 289 A.2d 423, 425 (1972). It is not for the Court to sift out cases that are weak, improbable, or unlikely to succeed, and so summary judgment will be denied unless a case if "legally dead" on arrival. Mitchell v. Mitchell, 756 A.2d 179, 185 (R.I. 2000). Ms. Downs has set forth a prima facie case, and has established that material issues of fact exist for trial. Accordingly, John Deere's motion for summary judgment is denied. Counsel shall prepare the appropriate order for entry. *Page 1