DECISION
Davol Inc. and C.R. Bard, Inc. ("Defendants") move for summary judgment pursuant to Super. R. Civ. P. 56. The Plaintiff, Jerry Freeman Stradtner ("Mr. Stradtner"), objects to the motion.
 I Facts and Travel
On March 30, 2007, Mr. Stradtner filed a complaint in this Court alleging that he had been severely injured by a defective and dangerous condition of a Composix® Kugel Mesh Patch ("Kugel Patch") designed, manufactured, and distributed by Defendants. On May 20, 2002, Mr. Stradtner underwent a ventral hernia repair, during which a Kugel Patch was implanted in his abdomen. From June 2002 through December 2002, Mr. Stradtner experienced persistent abdominal pain. In January 2003, Plaintiff's physician performed surgery to address Mr. Stradtner's pain and found that the six inch memory recoil ring, which held the mesh of the Kugel Patch in an oval shape, had broken and was separated from the mesh. During that procedure, the plastic wire from the recoil ring was removed, but the mesh was not entirely explanted. From December 2003 until September 2006, Mr. Stradtner endured severe abdominal pain, continued abscess drainage, and four additional surgical procedures all related to the Kugel *Page 2 
Patch which had fractured, folded, and formed a nodule in Mr. Stradtner's abdomen. The Kugel Patch was completely explanted in November 2006.
In his complaint, Mr. Stradtner alleges that his injuries were the result of a dangerous defect associated with Defendants' product. He further alleges that in 2004, Defendants uncovered a serious design defect in the memory recoil ring of the mesh Kugel Patch. Plaintiff avers that Defendants withheld knowledge of this defect from individuals implanted with the Kugel Patch, their physicians, and the Federal Drug Administration (FDA). Defendants, Mr. Stradtner maintains, waited until 2005 to initiate a partial distribution hold, to recall certain sizes of the Kugel Patch, and to notify the FDA and the public of the severity of complications resulting from the product's defective design. In 2006 and 2007, the FDA continued to recall additional sizes and variations of the Kugel Patch. Defendants never notified Plaintiff of the defect, and he contends that he did not learn of it until November 2006, when his treating physician informed him that his injuries were the result of a defective recoil ring. Mr. Stradtner's complaint alleges negligence, strict product liability, negligent infliction of emotional distress, intentional infliction of emotional distress, breach of implied warranty, failure to warn, and fraud.
Defendants have filed the instant motion for summary judgment, contending that Plaintiff's claims are untimely under G.L. 1956 §9-1-14(b). Defendants contend that Plaintiff knew or should have known of his injury within a few weeks of his implant surgery in May 2002, or, at the latest, by his first explant surgery in January 2003. Defendants argue that Plaintiff can show no genuine issue of material fact with respect to the time at which he was aware of his injury, and therefore, his claim is barred by the three-year statute of limitations. *Page 3 
 II Standard of Review
In reviewing a motion for summary judgment, the Court must consider all facts and reasonable inferences in a light most favorable to the nonmoving party. Delta Airlines, Inc. v. Neary, 785 A.2d 1123, 1126
(R.I. 2001) (citations omitted). Summary judgment is appropriate if there are no material facts in dispute, and the moving party is entitled to judgment as a matter of law. Id. The moving party bears the initial burden of establishing that no genuine issues of material fact exist.Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001). If the moving party is able to sustain its burden, then the opposing party must demonstrate the existence of substantial evidence to dispute the moving party on a material issue of fact. See id.; see also Hydro-Manufacturing, Inc. v.Kayser-Roth Corp., 640 A.2d 950, 954 (R.I. 1994); Bourg v. Bristol BoatCo., 705 A.2d 969, 971 (R.I. 1998) (citations omitted). The opposing party need not disclose all of its evidence, but it must demonstrate that evidence beyond mere allegations exists to support its factual contentions. See e.g. Ludwig v. Kowal, 419 A.2d 297, 301 (R.I. 1980);Nichols v. R.R. Beaufort Assoc., Inc., 727 A.2d 174, 177 (R.I. 1999);see also Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998) (citations omitted). The trial judge does not pass upon the weight and credibility of the evidence and will deny a motion for summary judgment where the party opposing the motion has demonstrated the existence of a triable issue of fact. See Palmisciano v. Burrillville RacingAss'n., 603 A.2d 317, 320 (R.I. 1992) (citations omitted).
 III Analysis
Plaintiff opposes the motion for summary judgment, contending that the pleadings and affidavits present sufficient evidence that neither Plaintiff nor his physicians were aware of the design defect in the Kugel Patch until November 2006. He posits that the statute of limitations *Page 4 
should be tolled under the discovery rule for this reason. Alternatively, Mr. Stradtner contends that Defendants fraudulently concealed the product's design defect until 2005, and therefore, pursuant to G.L. 1956 § 9-1-20, the statute of limitations should be tolled at least until 2005.
Under the statute of limitations, § 9-1-14(b), causes of action brought for personal injury must be "commenced and sued within three (3) years next after the cause of action shall accrue, and not after." The time of accrual under the rule has been interpreted in some product liability cases to be the time of injury. See e.g. Renaud v.Sigma-Aldrich Corp., 662 A.2d 711, 714 (R.I. 1995) (citations omitted). However, the Rhode Island Supreme Court has adopted the discovery rule, which states "the statute of limitations does not begin to run until the plaintiff `discovers, or with reasonable diligence should have discovered, the wrongful conduct. . . .'" Supreme Bakery, Inc. v.Bagley, 742 A.2d 1202, 1204 (R.I. 2000) (citations omitted); see alsoWilkinson v. Harrington, 104 R.I. 224, 233, 243 A.2d 745, 753 (1968) (first applying the discovery rule in medical malpractice cases). The discovery rule has been applied to various types of personal injury actions, and is designed to give the plaintiff the reasonable opportunity to "become cognizant of the injury and its cause before the statute of limitations begins to run." Anthony v. AbbottLaboratories, 490 A.2d 43, 45 (R.I. 1985); see also O'Coin v. WoonsocketInst. Trust Co., 535 A.2d 1263, 1266 (R.I. 1988) (noting the types of actions, where the rule has been held to apply).
The discovery rule was applied specifically to product liability cases in the Rhode Island Supreme Court's decision, Anthony v. AbbottLaboratories, 490 A.2d 43, 46 (R.I. 1985). Although this Court is mindful that the decision in Anthony has been narrowly interpreted, the Court is persuaded that it applies here. See Benner v. J.H. Lynch Sons, 641 A.2d 332, 337 (R.I. 1994). After Anthony, and the subsequent decisions which limit its holding, the discovery *Page 5 
rule applies "in a drug product-liability action where the manifestation of an injury, the cause of that injury, and the person's knowledge of the wrongdoing by the manufacturer occur at different points in time."Benner, 641 A.2d at 337 (citing Anthony, 490 A.2d at 46).
Here, Mr. Stradtner has submitted pleadings and an affidavit which indicate that he was unaware that the complications involving his hernia operation were the result of the Kugel Patch's defective design until after he was informed of such by his physician in November 2006. His physician was unaware of the defect until after the Defendants released information to the FDA and recalled the product. The Court must consider these facts, and the inferences that flow therefrom, in a light most favorable to Mr. Stradtner, the non-moving party. Delta Airlines,785 A.2d at 1126. Therefore, it could be inferred from the evidence that Plaintiff could not have been cognizant of the cause of his injury until three years after it had occurred. This late discovery would toll the statute of limitations. See Anthony, 490 A.2d at 45.
Even if this Court reads the discovery rule — as it is established inAnthony — to apply only to such cases where the plaintiff's injury, discovery of the cause of injury, and discovery of the defendant's wrongdoing occur at three different points in time, the rule would still apply to Mr. Stradner's claim. Mr. Stradtner alleges that he discovered the injury in 2002, learned the cause of the injury during his explant surgery in 2003, and learned of wrongdoing on the part of the Defendants in 2006. Viewing Mr. Stradtner's claim in a light most favorable to him, a genuine issue of material fact as to the statute of limitations has been presented. Delta Airlines, 785 A.2d at 1126.
The Plaintiff has further argued that the Defendants fraudulently concealed information about the Kugel Patch and misrepresented that it was suitable for the intended use. Thus, he avers the statute of limitations is tolled in his case under § 9-1-20. Section 9-1-20 states: *Page 6 
 "If any person, liable to an action by another, shall fraudulently, by actual misrepresentation, conceal from him or her the existence of the cause of action, the cause of action shall be deemed to accrue against the person so liable at the time when the person entitled to sue thereon shall first discover its existence." Section 9-1-20.
Although a mere allegation of fraud will not be enough to survive summary judgment, Plaintiff indicates a good faith belief that continued discovery will provide sufficient evidence of fraud at trial. See e.g.Ludwig v. Kowal, 419 A.2d 297, 301 (R.I. 1980); Nichols v. R.R. Beaufort Assoc., Inc., 727 A.2d 174, 177 (R.I. 1999). The Plaintiff need not disclose all of his evidence to establish that an issue of material fact exists. See id. This Court finds that Plaintiff has raised a genuine factual question with respect to the application of § 9-1-20, as well as with respect to the discovery rule.
The Rhode Island Supreme Court has held that "when the evidence raises factual questions involving the statute of limitations, such questions should be submitted to the jury." Dionne v. Baute, 589 A.2d 833, 835
(R.I. 1991). The time at which the Plaintiff discovered his injury and the cause thereof, and the sufficiency of Plaintiff's evidence to prove that the Defendants fraudulently concealed Plaintiff's cause of action, are issues of credibility. See id. A trial allows a jury to hear expert testimony and to determine the credibility of the witnesses. See Palazzov. Big G. Supermarkets, Inc., 110 R.I. 242, 292 A.2d 235 (1972). Summary judgment is not intended as a substitute for trial, and a trial judge cannot pass on the weight of the evidence. See North Am. Planning Corp.v. Guido, 110 R.I. 22, 25, 289 A.2d 423, 425 (1972). Because the parties have presented contradictory evidence both as to the discovery rule and the application of G.L. 1956 § 9-1-20, the Court finds that this case does not warrant summary judgment. *Page 7 
 IV Conclusion
Summary judgment is an extreme remedy. North Am. Planning Corp.,110 R.I. at 25, 289 A.2d at 425. It is not for the Court to sift out cases that are weak, improbable, or unlikely to succeed, and so summary judgment will be denied unless a case is "legally dead" on arrival.Mitchell v. Mitchell, 756 A.2d 179, 185 (R.I. 2000). Mr. Stradtner has set forth a prima facie case and has established that material issues of fact exist for trial. Accordingly, Defendants' motion for summary judgment is denied. Counsel shall prepare the appropriate order for entry. *Page 1