DECISION
This an asbestos-related product liability case brought against a number of corporate defendants. In the instant matter, Defendant Caterpillar Inc. ("Caterpillar") moves for summary judgment pursuant to Super. R. Civ. P. 56. Plaintiff Elizabeth Brandt, as Executrix of William Brandt's estate and as his surviving spouse, objects to the motion.
 Facts and Travel
William Brandt and Elizabeth Brandt filed a complaint in this Court on September 12, 2007, alleging, inter alia, that Mr. Brandt had suffered serious injuries as a result of occupational exposure to asbestos. Mr. Brandt is now deceased and has been substituted by Mrs. Brandt, in her capacity as Executrix of his estate.
Before his death, Mr. Brandt completed an exposure chart and was deposed. His testimony indicates that he was exposed to asbestos through various products at a number of worksites and home maintenance projects between 1940 and 1993. From 1943 to 1952, Mr. Brandt was an enlisted member of the United States Army, serving time at Fort Sill, Oklahoma; Okinawa, Japan; and Whitney, England. During his time in the military, Mr. Brandt worked as a heavy truck driver and mechanic. His work involved the maintenance of vehicles, trucks, jeeps, *Page 2 
tractors, bulldozers, and other heavy equipment. In addition to the work he performed on the brakes, clutches, and engines of these vehicles, Mr. Brandt contended that he frequently worked in the vicinity while other maintenance work was performed on the vehicles. He claimed that he was exposed to asbestos fibers both by directly working on asbestos-containing machine parts and by working in close proximity when air hoses were used to clear the dust after machine maintenance had been completed.
Mr. Brandt's deposition testimony indicates that during his time in the Army, he occasionally assisted with work directly performed on Caterpillar machinery. He further recalled working next to Caterpillar machinery while working in a large hangar called a "motor pool," where the Army's machinery was repaired. Mr. Brandt recalled that the Caterpillar machines he directly assisted in maintaining were likely road graters or maintainers; machines used to level gravel.
Caterpillar has filed the instant motion for summary judgment, contending that Plaintiffs have failed to properly identify Caterpillar products as required by Rhode Island law. Caterpillar contends that Mr. Brandt, although stating in his deposition that he recalled assisting with work on specific Caterpillar products, was unable to provide sufficient information regarding the number of times he was exposed to asbestos from Caterpillar products, and under what conditions. Defendant Caterpillar further alleges that Mr. Brandt's identification of "Caterpillar Maintainers" was flawed, as no such product existed between 1943 and 1952. Caterpillar avers that all information taken together — and for purposes of this motion, taken as true — leaves significant gaps in the evidence such that a jury would have to improperly rely on speculation to find that Caterpillar was liable for Mr. Brandt's injuries. *Page 3 
 Standard of Review
"Summary judgment is proper if no genuine issues of material fact are evident from `the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' and, in addition, the motion justice finds that the moving party is entitled to prevail as a matter of law." Lavoie v. N.E. Knitting, Inc.,918 A.2d 225, 227-228 (R.I. 2007) (citing Super. R. Civ. P. 56(c)). It is well-settled that a genuine issue of material fact is one about which reasonable minds could differ. See e.g. Brough v. Foley, 572 A.2d 63, 67
(R.I. 1990).
The moving party bears the initial burden of establishing that no such issues exist. Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001). If the moving party is able to sustain its burden, then the "litigant opposing a motion for summary judgment has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Am. Express Bank, FSB v. Johnson, 945 A.2d 297,299 (R.I. 2008) (citations omitted). Although the opposing party must demonstrate evidence beyond mere allegations, it need not disclose all of its evidence. See e.g. Ludwig v. Kowal, 419 A.2d 297, 301 (R.I. 1980); Nichols v. R.R. Beaufort Assoc., Inc., 727 A.2d 174, 177 (R.I. 1999); see also Bourg v. Bristol Boat Co., 705 A.2d 969, 971 (R.I. 1998) (citations omitted).
The trial judge reviews the evidence without passing upon its weight and credibility, and will deny a motion for summary judgment where the party opposing the motion has demonstrated the existence of a triable issue of fact. See Mitchell v. Mitchell, 756 A.2d 179, 181 (R.I. 2000);Palmisciano v. Burrillville Racing Ass'n., 603 A.2d 317, 320 (R.I. 1992). However, the Court will enter summary judgment "against a party who fails to make a showing *Page 4 
sufficient to establish the existence of an element essential to that party's case." Lavoie, 918 A.2d at 227-228.
 Analysis
Plaintiffs object to Caterpillar's motion for summary judgment, contending that it is both premature and inappropriate under the circumstances. Plaintiffs argue that Caterpillar has failed to respond to the master set of interrogatories, which was served several times on behalf of several different and related plaintiffs. The master set of interrogatories was served in this matter on June 2, 2008. Plaintiffs additionally contend that they have established a triable issue of fact with regard to Mr. Brandt's exposure to Caterpillar's asbestos-containing products.
Summary judgment is premature when discovery is incomplete. SeeSheinkopf v. Stone, 927 F.2d 1259, 1263 (D. R.I. 1993). Caterpillar contends that the outstanding discovery requested in this case is unnecessary, and that sufficient time for discovery has been allowed. Defendant further suggested in oral argument that Plaintiffs' timing in requesting responses to the master set of interrogatories in this case, as well as their insistence that discovery is yet incomplete, is merely a ploy to defeat Caterpillar's summary judgment motion. Caterpillar argues that the master set of interrogatories was served in a related matter involving a different plaintiff several months ago, but notes that that case was dismissed before the responses were due. Therefore, Caterpillar avers that the fact that it has yet to respond to the master set of interrogatories is the result of Plaintiffs' failure to serve them for this particular matter before June 2, 2008 — only a few weeks before argument on this motion was heard — rather than the result of its own failure to properly fulfill its discovery requirements.
This Court is not persuaded by Caterpillar's argument. The fact that counsel served the master set of interrogatories on behalf of the Plaintiffs in this case within a month of the motion *Page 5 
hearing does not alone support the contention that the timing was a disingenuous attempt to defeat summary judgment. The rules of discovery in Rhode Island are liberal, and an attorney may request a reasonable time for discovery prior to summary judgment. See Velez-Rivera v.Agosto-Alicea, 437 F.3d 145, 151 (1st Cir. 2006) (citations omitted);Thibeault v. Square D Co., 960 F.2d 239, 242 (1st Cir. 1992) (finding that a party in a simple products liability case could not claim lack of time for discovery to oppose summary judgment where the case had been pending for two and a half years). In this matter, less than a year has passed since the complaint was filed. Although the case initially was placed on an accelerated schedule, Mr. Brandt's death has lessened the exigency of the matter. While the trial date is approaching, the Court finds that Defendant's answers to the master set of interrogatories are indeed necessary for the Plaintiffs' case and that the motion for summary judgment is premature. Rhode Island Depositors' EconomicProtection Corp. v. DiLorenzo, 683 A.2d 370, 371-372 (R.I. 1996); Super. R. Civ. P. 56(f) (stating that if a party opposing summary judgment has provided reasons for his or her inability to present facts essential to justify their opposition, the trial court may, in its discretion, deny summary judgment and allow further discovery to be taken).
Even if the motion were not premature, this Court finds that Plaintiffs' have presented a material issue of fact, making this case inappropriate for summary judgment. Lavoie, 918 A.2d at 227-228 (R.I. 2007). In asbestos litigation, the plaintiff must identify the Defendant's asbestos product and establish that the product was a proximate cause of his or her injury. Celotex Corp. v. Catrett,477 U.S. 317, 319-320 (1986). Caterpillar contends that Plaintiffs in this case cannot demonstrate these essential elements without leaving evidentiary gaps. Although Mr. Brandt identified Caterpillar products specifically in his deposition testimony, Caterpillar contends that it did not manufacture the specific machinery (maintainers or road graders) described by Mr. *Page 6 
Brandt. Although Mr. Brandt stated clearly that he worked in an Army hangar near Caterpillar-manufactured, asbestos-containing machine parts while said parts were repaired, Caterpillar contends that he cannot show he was close enough to these products with enough frequency to prove that exposure to the products caused his illness. Finally, Caterpillar contends that it cannot be held liable simply because its name is lumped together with other manufacturers.
In making its argument, Caterpillar relies primarily on Lavoie v.Northeast Knitting Inc., which stated, in the context of an undue influence case, that "complete failure of proof concern[ing] an essential element of the nonmoving party's case necessarily renders all other facts immaterial." 918 A.2d at 228. While this Court agrees that failure to provide any evidence of an essential element would be grounds for summary judgment, such failure simply does not exist here. Mr. Brandt's testimony suggests both product identification and exposure.See Gorman v. Abbott Laboratories, 599 A.2d 1364 (R.I. 1991);Thomas v. Amway Corp., 488 A.2d 716, 718-722 (R.I. 1985); see also Welchv. Keene, 575 N.E. 2d 766 769 (Mass.App.Ct. 1991) (stating "[i]t is enough . . . to reach the jury [if the plaintiff] show[s] that he worked with, or in close proximity to, the defendants' asbestos products").
Mr. Brandt's deposition testimony indicated that he directly assisted in repairing the asbestos-containing brakes, clutches, gaskets, and engine parts of Caterpillar machinery, and that he worked in close proximity to other maintenance that was performed on Defendant's products. Caterpillar argues that vague terms such as "in his presence" or "nearby" are insufficient to establish proximity. However, it has cited no case law to support such an assertion. With regard to Caterpillar's argument that no time period has been established, this Court cannot agree. Mr. Brandt stated that he was exposed to asbestos from Caterpillar machinery while he served in the military, between 1942 and 1953. *Page 7 
Although Caterpillar intends to negate Mr. Brandt's evidence as to the identity of the product and the time exposed, the evidence provided by Caterpillar is inconclusive. Therefore, this Court is unable make a finding of product identity and exposure without issuing a credibility determination and weighing the evidence; actions inappropriate for the Court on summary judgment. See Palazzo v. Big G. Supermarkets,Inc., 110 R.I. 242, 292 A.2d 235 (1972).
As it has found in previous cases, this Court reiterates that the questions of whether a Plaintiff was ever exposed to asbestos as a result of working near a Defendant's product, or whether such exposure was the cause of that Plaintiff's injury, are questions for the jury to determine. See e.g. Totman v. A. C. and S., Inc., C.A. No. 00-5296, 2002 R.I. Super. LEXIS 23 (February 11, 2002); Downs v. 3M Co., C.A. No. 06-1710, 2007 R.I. Super. LEXIS 146 (R.I.Super.Ct. 2007). The parties here clearly have presented contradictory evidence as to product identity, and, therefore, summary judgment is inappropriate in this case.
 Conclusion
Summary judgment is an extreme remedy that should not be used as a substitute for trial or as a device intended to impose a difficult burden on the nonmoving party to save his or her day in court.Estate of Giuliano v. Giuliano, 2008 R.I. LEXIS 74, 21-22 (R.I. June 20, 2008); North Am. Planning Corp. v. Guido, 110 R.I. 22, 25, 289 A.2d 423,425 (1972). It is not for the Court to sift out cases that are weak, improbable or unlikely to succeed, and so summary judgment will be denied unless a case is "legally dead" on arrival. Mitchell,756 A.2d at 185. Plaintiffs have set forth a prima facie case and have established that genuine issues of material fact exist as to the essential elements of their claim. Accordingly, Caterpillar's motion for summary judgment is denied.
 Counsel shall prepare the appropriate order for entry. *Page 1