JOSEPH BROWN *vs.* GEORGE H. BATCHELLOR.

MARCH 25, 1908.

PRESENT: Douglas, C. J. Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Theaters. Pleading. Negligence.*

Declaration against proprietor of a theater by a spectator alleged that he was injured by a performer on a bicycle riding off the stage, and that, the exhibition being one which required some suitable protection to spectators from injury by reason of such occurrence, it was the duty of defendant, under whose supervision it was given, to provide such protection.

A second count alleged that the performer was the agent of defendant, and that it was the duty of defendant and his agents to use due care in the management of said bicycle so that it should not fall off the stage, and alleged the accident as occurring through the negligent management of the bicycle. On demurrer:—

*Held,* that the first count stated a case.

*Held,* further, that, although the relation of the performer to defendant was not set forth in the first count, it was sufficiently alleged that the exhibition was given under the supervision of defendant, and that he was the owner and manager of the theater at the time, and plaintiff had paid the required admission fee:—

*Held,* further that the second count was not demurrable because it did not allege the specific cause of the accident, but the fact that the bicycle left the stage was *prima facie* evidence of negligence on the part of the performer.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff, and sustained.

DUBOIS, J. This is an action of trespass on the case for negligence, and was brought to this court upon the plaintiff's bill of exceptions to the decision of the Superior Court sustaining the defendant's demurrers to the plaintiff's declaration.

The declaration contains two counts, and reads as follows:

"Joseph Brown of the City and County of Providence, in the State of Rhode Island complains of George H. Batchellor, of said Providence, duly summoned by the Sheriff in an action of trespass on the case for negligence.

"For that on, to wit, the twenty-first day of December A. D. 1906, the said defendant was, to wit, the owner, proprietor of and manager of a certain theatre located in said city of Providence known, to wit, as the 'Westminster Theatre,' in which said theatre were given, by and under the supervision of said defendant and his agents, certain plays, spectacles and exhibitions of skill, and the public were admitted into said theatre for the purpose of witnessing said plays and exhibitions upon paying a certain fee, and said plaintiff says, that on, to wit, said twenty-first day of December, A. D. 1906, he paid, to wit, the fee required for admission into said theatre and was admitted therein and by the payment of said fee was allowed to occupy a seat therein, and the said plaintiff entered into said theatre and occupied said seat for the purpose of witnessing the exhibition therein given, and said plaintiff says that a part of said exhibition consisted of a performance of certain acts upon, to wit, bicycles, and, to wit, parts of bicycles, which said bicycles and parts of bicycles were propelled about the stage of said theatre by certain performers and in going about said stage in the course of said performance said bicycles came very near the edge thereof and were likely to fall off of said stage and onto said plaintiff and others, unless suitable protection was provided upon said stage to prevent said bicycles, parts of bicycles and performers on the same from so falling or riding off said stage, and said plaintiff says that said stage was a

certain raised portion or platform in said theatre situated, to wit,      feet from and in front of the seat occupied by said plaintiff, and said plaintiff says that it then and there became the duty of said defendant to provide protection for the said plaintiff and others occupying seats at or near the stage from any injury by reason of said bicycles and the performers thereon riding or falling off the edge of the stage onto said plaintiff and others, but said plaintiff says that notwithstanding his duty in that behalf said defendant neglected to provide any protection upon said stage to prevent said bicycles, or parts of bicycles and the performers thereon from running off said stage and upon said plaintiff and others, and by reason of said neglect on said defendant's part and while said plaintiff was occupying said seat, and was in the exercise of due care, one Charles Ahearn, while riding and exhibiting upon a certain, to wit, bicycle upon said stage, rode over the edge of and off of said stage onto and against said plaintiff greatly and permanently injuring him, particularly his right eye, and said plaintiff by reason thereof suffered great pain in said eye and other parts of his body, and still does suffer great pain in said eye and the sight thereof was and now is and will in the future be impaired by reason thereof, and said plaintiff was by reason thereof put to great expense for medicines and medical attendance, and did and still does suffer great pain by reason thereof, and lost his employment for a great space of time.

"To the damage of the plaintiff three thousand dollars as laid in his Writ dated the 22nd day of March A. D. 1907."

"And also for that on, to wit, the twenty-first day of December A. D. 1906, the said defendant was, to wit, the owner, proprietor of and manager of a certain theatre located in said city of Providence known, to wit, as the 'Westminster Theatre,' in which said theatre were given, by and under the supervision of the said defendant and his agents, certain plays, spectacles and exhibitions of skill, and the public were admitted into said theatre for the purpose of witnessing said plays and exhibitions upon paying a certain fee, and said plaintiff says, that on, to wit, said twenty-first day of December A. D.

1906, he paid, to wit, the fee required for admission into said theatre and was admitted therein and by payment of said fee was allowed to occupy a seat therein, and that said plaintiff did enter into said theatre and occupy said seat for the purpose of witnessing the exhibition therein given, and said plaintiff says that a part of said exhibition consisted of a performance of certain acts upon, to wit, bicycles, and, to wit, parts of bicycles, which said bicycles and parts of bicycles were propelled about the stage of said theatre by the agents and servants of said defendant, and in going about said stage said bicycles came very near the edge thereof, and said plaintiff says that said stage was a certain raised portion or platform in said theatre situated, to wit,      feet from and in front of the seat occupied by said plaintiff, and said plaintiff says that it then and there became the duty of said defendant, his agents and servants, to use due care in the management and control of said bicycles and parts of bicycles while riding about said stage so that said performers and said bicycles, or parts of bicycles, should not roll or fall off the edge of said stage and against said plaintiff, but said plaintiff says that said defendant, his agents and servants, not minding or regarding their duty in that behalf and while said plaintiff was occupying said seat and in the exercise of due care, one Charles Ahearn, an agent of said defendant, while riding and exhibiting upon a certain, to wit, bicycle, by and through his negligence in the management and control of the same, rolled off of said stage and against said plaintiff greatly and permanently injuring him, particularly his right eye, and said plaintiff by reason thereof suffered great pain in said eye and other parts of his body, and still does suffer great pain in said eye and the sight thereof was and now is and will in the future be impaired by reason thereof, and said plaintiff was by reason thereof put to great expense for medicines and medical attendance, and did and still does suffer great pain by reason thereof, and lost his employment for a great space of time.

"To the damage of the plaintiff three thousand dollars as laid in his Writ dated the 22nd day of March A. D. 1907."

The demurrer of the defendant to the first count of the declaration is based upon the following grounds:

"1st. That the relation of the said Charles Ahearn, at the time of the occurrences mentioned in said first count of said declaration, to the said defendant is not therein set forth.

"2nd. That it does not appear in and by said count whether the said Charles Ahearn, at the time of the occurrences in said count mentioned, was a servant or agent of the defendant, an independent contractor, or a voluntary and gratuitous performer.

"3rd. That it does not appear in and by said first count whether the said Charles Ahearn, at the time of the occurrences in said count mentioned, was under the control and management of the defendant, or under some other party than the defendant, or was acting under his own control and management.

"4th. That it does not appear, at the time of the occurrences in said count mentioned, said defendant was under the duty and obligation in said count set forth."

And the grounds for demurrer to the second count are:

"1st. That it does not appear in and by said second count of said declaration wherein said defendant, his agents or servants, were negligent as is alleged in said count.

"2nd. The said count of said declaration does not set forth any negligent act or failure to act, or any failure to perform any duty or obligation on the part of the defendant, his agents or servants."

The decision of the Superior Court was embodied in the following

## "RESCRIPT.

"TANNER, J. This case was heard on a demurrer to the declaration. In the first count the plaintiff alleged substantially that he was injured while witnessing an exhibition of bicycle riding at the Westminster Theatre, by reason of the performer riding off the stage. The injury which he sustained he alleges was due to the negligence of the defendant, proprietor and manager of the said theatre, because he did not provide

suitable protection upon said stage to prevent such an accident, because such accidents were likely to happen.

"We think the demurrer to this count should be sustained. We think it is the duty of persons giving an exhibition in a hall to employ skillful performers, but it is not their duty to erect barriers which will prevent spectators from seeing the performance.

" 'By erecting such a barrier they would have destroyed the very object of the exhibition, for a barrier of that kind in order to afford perfect protection, would necessarily interfere with the view of those persons, of all fireworks which were not thrown into the air. Danger which results to the spectators at an exhibition of the kind given from the absence of such a safeguard, must in the very nature of things be assumed by them.' *Sebeck v. Plattdeutsche Volkfest Verein*, 64 N. J. L. 624.

"We do not think this decision is inconsistent with the Massachusetts case cited by the plaintiff. There the negligence consisted in the failure to erect upon the stage a proper rifle butt which would prevent the flying of fragments of bullets. The liability to such an accident might have been guarded against without interfering with the view of the spectators. And the spectators would have a right to assume that such precaution had been taken and could not tell from his means of inspection that it had not. A spectator of bicycle riding, however, could not fail to know that there was a liability that a performer who must necessarily come near the edge of the stage, might accidentally fail in the performance of his delicate feats. As we have said, we do not think it incumbent upon the proprietor to erect a guard which would interfere with the view of the audience, and that his only obligation to secure the safety of the spectators, was to employ skillful performers. The only allegation of negligence in this count being a failure to erect such barriers, the demurrer to this count must be sustained.

"The second count in the declaration alleges that the performer who ran off the stage on the bicycle, or some part of a bicycle, was the servant and agent of the defendant proprietor,

and that he negligently ran off the stage. This count is demurred to because it does not specify in what the negligence consisted and the well known doctrine is invoked that an accident which would not ordinarily happen without negligence, affords *prima facie* proof of negligence.

"We do not think, however, that it can be said that such an accident would not ordinarily happen without negligence. Even with a skillful performer, we think that the extreme delicacy of judgment and precision of effort required in such hazardous feats render them liable to an occasional accident of the kind alleged without negligence upon the part of the performer. Indeed, it is the existence of such very conditions that make such feats attractive to the spectators, although we do not think it can be said that such accidents are of frequent occurrence, and we do not think that the occasional happening is of itself an evidence of negligence. *Laforest v. O'Driscoll,* 26 R. I. 547.

"The demurrer to the second count is therefore sustained."

The duty set forth in the first count of the declaration is not, as supposed by the learned judge in his rescript, " to erect barriers which will prevent spectators from seeing the performance," but is "to provide protection for the said plaintiff and others occupying seats at or near the stage from any injury by reason of said bicycles and the performers thereon riding or falling off the stage onto the plaintiff and others." Wire netting of sufficient strength, yet barely visible, may be suggested as something appropriate, if required by the necessities of the occasion. That the exhibition was one which required some such precaution is alleged in the declaration, and by demurer is admitted by the defendant.

(1)  We think that the court erred in sustaining the defendant's demurrer upon the ground set forth in his rescript. Although the relation of Charles Ahearn to the defendant at the time of the accident is not set forth in the declaration, it is sufficiently alleged that the exhibitions of skill were given " by and under the supervision of the defendant and his agents" on the day of the injury to the plaintiff. And it further appears therein that the defendant at that time was the owner, pro-

prietor and manager of the theatre wherein the performance resulting in the injury to the plaintiff was given, and that the plaintiff had paid the required fee for admission to the exhibition.

The second count is not defective for want of an allegation setting out the specific cause of the accident in which the plaintiff was injured. It does contain an averment that it was through the negligence of the defendant's agent in the management and control of the bicycle whereon he was riding. We think that this is sufficient. It is not to be presumed that he purposely and maliciously injured the plaintiff; he may have done so carelessly or accidentally, or it may have happened from some other cause which he may be able to explain. It is therefore not unreasonable to require the explanation to be made by the defendant. The mere happening of such an accident calls for an explanation. Bicycles, while ridden by skilled performers, do not ordinarily leave the stage whereon the performance is taking place, during the performance. When they do it is *prima facie* evidence of negligence on the part of the performer.

We are of the opinion that the demurrers should have been overruled.

The plaintiff's exceptions are therefore sustained, and the case is remitted to the Superior Court with direction to overrule said demurrers, and for further proceedings.

*J. Jerome Hahn* and *Patrick H. Mulholland*, for plaintiff.
*Barney and Lee*, for defendant.