DECISION
Before this Court are Cross-Motions for Summary Judgment. Kevin Collins ("Plaintiff") has filed a Motion for Summary Judgment on his claims of defamation, false light, and intentional interference with a contract. John Morgan ("Defendant") has filed his objection, and filed his own Motion for Summary Judgment on his counterclaim of abuse of process.
 I FACTS AND TRAVEL
Kevin Collins ("Plaintiff") is a former Warwick police officer, having retired in 1998. John Morgan ("Defendant") is also a retired Warwick police officer, having retired in 1991. During their time on the police force they had a relationship that could generously be described as contentious, and on at least one occasion their differences resulted in a physical altercation outside of a bar in East Greenwich. (Morgan Dep. pp. 28-29.) Subsequent to his retirement, Plaintiff has worked as a Community Service *Page 2 
Officer "for the City of Warwick and the Towns of East Greenwich and North Kingston, [sic] RI." (Pl.'s Mem. 1.) As a Community Service Officer, Plaintiff has no arrest powers, and his responsibility is to maintain traffic control at roadside construction sites.
Since his retirement from the Warwick police force, at least two complaints of sexual misconduct were made against Plaintiff. The first complaint involves allegations that occurred on November 27, 2005 and were reported the following day. A twenty-year-old woman with whom Plaintiff was having sexual relations reported to the police that she was sexually assaulted by Plaintiff, who was 49 years old at the time. (Def.'s Ex. D.) In December of 2005, the complainant withdrew her complaint. However, in a subsequent deposition taken on June 18, 2008, the complainant stated that Plaintiff attempted to blackmail and coerce her into changing her statement. (Roy Dep. 11.) In the same deposition she repeated her allegation that Plaintiff raped her on November 27, 2005.[1] Id., 29.
The second complaint of sexual assault came on June 14, 2006, regarding an incident occurring on the same day. The police were called by the mother of a seventeen year-old. She alleged that her daughter had engaged in sexual activity with Plaintiff. The complainant alleged, and Plaintiff later admitted, that she performed oral sex on him in his home. (Def.'s Ex. E; Collins Dep. V.2, p. 184.) Notwithstanding the Plaintiff's former profession and the thirty-two (32) year age disparity between Plaintiff and the young woman, the Rhode Island State Police "determined that the incident did not rise to the level of a criminal act because the sex was consensual, there was no force and [the *Page 3 
girl] felt she was free to leave the presence of Mr. Collins at any time she wanted, but instead chose to remain and engage in sexual activity." (Pl.'s Mem. 6.) Curiously, despite the fact that Plaintiff admits that the incident took place, and despite the young woman's deposition testimony which is in substantial agreement with the account, she drafted a hand-written statement to Attorneys Timothy Robenhymer and Paul Andrews in which she substantially changed her story. The statement is dated October 28, 2006. It states that while she made sexual advances at Mr. Collins, "[b]eing a gentleman, he refused and we spoke about it. We agreed that he had done nothing wrong, he could have taken advantage of me and taken my virginity, which he did not. He mentioned my mother several times and said he would not have relations with me." (Pl.'s Ex. I.) The young woman's deposition testimony of June 2007 substantially returns to her original story, although the portions excerpted by Defendant do not address the earlier handwritten statement. In his deposition, Mr. Collins stated that he still sees and speaks to this young woman regularly. (Collins Dep. V.2 p. 213.)
Plaintiff claims that Defendant mailed certain defamatory material to officials in the City of Warwick and the Towns of East Greenwich and North Kingstown. Relevant portions of the mailings labeled Plaintiff as a "sexual predator" and a "sexual deviant," and referred the reader to the relevant police reports. (Pl.'s Ex. C, D.) Other mailings entitled "INFORMATION-IS [YOURCITY] SAFE?" describe Plaintiff in further detail, including his age, address, and vehicle. (Pl.'s Ex. D.) Those mailings also refer to the second incident of sexual misconduct (detailed above), and they refer to the police report and the charge stated thereon — sexual assault, forcible rape. (Pl.'s Ex. D; Def.'s Ex. E.) The mailings also urge the reader to contact people "that have the power to make your *Page 4 
community safer" and lists people who ostensibly have the power to remove Plaintiff from his position as a Community Service Officer.
Plaintiff filed an original complaint on November 20, 2006. The matter is presently before the Court on Plaintiff's Second Amended Verified Complaint, filed on September 25, 2008, which states claims for defamation, false light, intentional infliction of emotional distress, tortuous interference with contractual relations, and intentional interference with contractual relations. Defendant has filed a counterclaim for abuse of process. Defendant argues that Plaintiff is attempting to put him through burdensome and expensive litigation, despite the fact that Plaintiff knows that he is without a viable claim.
 II STANDARD OF REVIEW
In deciding a Motion for Summary Judgment pursuant to Rule 56 of the Rhode Island Rules of Civil Procedure, this Court will "`review[] the evidence and draw[] all reasonable inferences in the light most favorable to the nonmoving party.'" Haffenreffer v.Haffenreffer, 994 A.2d 1226, 1231 (R.I. 2010) (quotingFiorenzano v. Lima, 983 A.2d 585, 589 (R.I. 2009)). Summary judgment should be granted "`if there is no genuine issue of material fact and . . . the moving party is entitled to judgment as a matter of law.'" Id. (quoting O'Sullivan v. Rhode IslandHospital, 874 A.2d 179, 182 (R.I. 2005)).
In opposing a motion for summary judgment, the nonmoving party "`has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions *Page 5 
or mere legal opinions.'" Liberty Mut.,947 A.2d 869, 872 (R.I. 2008) (quoting D'Allesandro v.Tarro, 842 A.2d 1063, 1065 (R.I. 2004)). To meet this burden, "`[a]lthough an opposing party is not required to disclose in its affidavit all its evidence, he [or she] must demonstrate that he [or she] has evidence of a substantial nature, as distinguished from legal conclusions, to dispute the moving party on material issues of fact.'" Bourg v. Bristol Boat Co.,705 A.2d 969, 971 (R.I. 1998) (quoting Gallo v. Nat'l NursingHomes, Inc., 106 R.I. 485, 489, 261 A.2d 19, 21-22 (1970)).
 III DISCUSSION A Defamation
"To prevail in a defamation action, a plaintiff must prove: (a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting at least to negligence on the part of the publisher; and (d) damages, unless the statement is actionable irrespective of special harm." Marcil v. Kells, 936 A.2d 208, 212 (R.I. 2007) (citing Lyons v. Rhode Island Pub. Emps. Council 94,516 A.2d 1339, 1342 (R.I. 1986)). "With respect to the first element of defamation, a plaintiff must show that the statement is `false and malicious, imputing conduct which injuriously affects a mans [sic] reputation, or which tends to degrade him in society or bring him into public hatred and contempt.'"Id. at 212-13 (quoting Reid v. Providence Journal Co.,29 R.I. 120, 124-25, 37 A. 637, 638 (1897)).
Defendant sent out mailings indicating that Plaintiff is a sexual deviant and a sexual predator, and that a complaint of sexual assault was filed against him — more *Page 6 
specifically first degree sexual assault, forcible rape. The mailings also intimate that Plaintiff was not prosecuted because his brother Sean Collins is currently in a position of authority on the police force. Defendant responds to the defamation charge by stating that the statements are true and thus not defamatory.[2] The facts of this case indicate that there was indeed a complaint of rape levied against Plaintiff. While that complaint has been withdrawn, the circumstances surrounding its withdrawal are unclear, and deposition testimony of the purported victim suggests that the withdrawal was coerced.
The mailings on their face state only that Plaintiff had a complaint of forcible rape lodged against him, but they may be read in their entirety to suggest that he is, in fact a rapist. However, in addressing the motion before the Court, and viewing the evidence in the light most favorable to the nonmoving party, this Court must find that there exist issues of material fact as to the nature and veracity of the statements published. The simple fact that Plaintiff was not prosecuted does not conclusively indicate that the statements and characterizations made by Defendant are false.
As for the statements that characterize Plaintiff as a sexual predator and a sexual deviant, Defendant has proffered the statement of Ms. Peg Langhammer, the Executive Director of Day One (formerly the Rhode Island Rape Crisis Center), and member of the Rhode Island Sex Offender Board of Review and the Rhode Island Sex Offender management Task Force. Ms. Langhammer indicates that a `sexual predator' is someone "who acts in an exploitative manner, makes sexual advances, or attempts sexual contact with another person. The term does not necessarily denote criminal behavior." (See Def.'s Ex. A). Furthermore, Rhode Island General Laws define a `predator' as "a person *Page 7 
whose act(s) is (are) or was (were) directed at a stranger, or at a person with whom a relationship has been established or promoted for the primary purpose of victimization." G.L. 1956 § 11-37.1-2(j). Black's Law Dictionary defines `deviance' as [t]he quality or state of departing from established norms, esp. in social customs." Black's Law Dictionary 482 (8th ed. 2004). The evidence, viewed in a light most favorable to Defendant, indicates that Mr. Collins — at 49 years old — received oral sex from his neighbor, a seventeen year-old high school student. The evidence also indicates that around the same time period, Mr. Collins was accused of rape by a twenty-year-old woman with whom he had a preexisting sexual relationship. While that complaint was withdrawn, as discussed supra, subsequent deposition testimony of the purported victim repeated the charge of a coerced sexual act that may be described as rape. Accordingly, the state of the evidence is inconclusive and there exist issues of material fact as to: whether Plaintiff is a sexual deviant; whether Plaintiff is a sexual predator; whether the mailings sent by Defendant suggest that Plaintiff is a rapist, and if so, whether those allegations are true. As such, summary judgment on Plaintiff's claim for defamation is inappropriate. While this Court is not eager to delve into the personal affairs and sexual past of a litigant, should this matter proceed to trial such inquiries are inevitable to the extent that they are relevant to Mr. Morgan's defense that the statements he mailed were true and accurate descriptions of Plaintiff's conduct toward the two young women involved.[3] *Page 8 B False Light
Plaintiff has also stated a claim for the statutory tort of false light. "In order to recover for a violation of this right, it must be established that: (A) There has been some publication of a false or fictitious fact which implies an association which does not exist . . ." G.L. 1956 § 9-1-28.1(a)(4). Based on the Court's analysissupra, there remain issues of material fact as to the truth of the statements made by Defendant in the mailings as related to this claim.
 C Intentional Interference with Contract
To state a claim for interference with contractual relations, a plaintiff must show: "(1) the existence of a contract; (2) the alleged wrongdoer's knowledge of the contract; (3) the alleged wrongdoer's intentional interference with the contract; and (4) damages resulting therefrom." Mills v. C.H.I.L.D.,Inc., 837 A.2d 714, 721 (R.I. 2003) (citing Toste FarmCorp. v. Hadbury, Inc., 798 A.2d 901, 906 (R.I. 2002). Once a plaintiff establishes a prima facie case, "the burden shift[s] to the defendant to prove that the interference with the contract was legally justified." Id. (citing Belliveau Bldg. Corp. v.O'Coin, 763 A.2d 622, 627 (R.I. 2000)). Plaintiff has failed to put forth any evidence that he stopped receiving assignments and income as a Community Service Officer as a result of the statements made by Defendant. In fact, Defendant's deposition testimony indicates that town officials were already aware of the allegations against Plaintiff, and that some of the municipalities in question had already stopped employing him as a *Page 9 
Community Service Officer. Because the evidence does not yet establish Plaintiff's prime facie case for interference with contractual relations, summary judgment is premature and therefore denied.
 D Abuse of Process
Defendant has filed a Cross-Motion for Summary Judgment on his counterclaim for abuse of process. "In order to state a claim for abuse of process, a plaintiff must show that `a legal proceeding, although set in motion in proper form, becomes perverted to accomplish an ulterior or a wrongful purpose for which it was not designed.'" Fiorenzano v. Lima, 982 A.2d 585, 590 (R.I. 2009) (quoting Hillside Associates v. Stravato,642 A.2d 664, 667 (R.I. 1994)).[4] In order to be successful on his claim, Mr. Morgan would have to prove: "(1) that [Mr. Collins] instituted proceedings or process against [Mr. Morgan] and (2) that [Mr. Collins] used these proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish." (Palazzo v. Alves,944 A.2d 144, 154 (R.I. 2008). Our Supreme Court has quoted with approval the following passage regarding the `improper purpose' prong of an abuse of process claim:
 "The improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, but the use of the process as a threat or a club. There is, in other words, a form of extortion. . . ." Butera v. Boucher, 798 A.2d 340, 353 (R.I. 2002) (quoting W. Page Keeton, et al., Prosser Keeton on the Law of Torts § 121 at 898 (5th ed. 1984)). *Page 10 
The Butera court went on to say "even a pure spite motive is not sufficient where process is used only to accomplish the result for which it was created." Fiorenzano,982 A.2d at 590 (quoting Butera, 798 A.2d at 353). In the instant case, as in Fiorenzano and Butera, Mr. Morgan has failed to put forth any evidence that Mr. Collins initiated this suit to gain a collateral advantage. Fiorenzano,982 A.2d at 590; Butera, 798 A.2d at 353.
The thrust of Defendant's argument is that Plaintiff's suit is designed to force him to spend money, which he cannot afford, to defend himself. This allegation, standing alone, falls short of establishing a conclusive ulterior or wrongful purpose associated with Plaintiff's claims.
 IV CONCLUSION
Based upon the foregoing, both Parties' Motions for Summary Judgment are DENIED, as there remain issues of material fact and law relating to their respective motions.
Counsel shall submit the appropriate judgment for entry.
[1] Here, the Court again notes that the formal complaint against Mr. Collins was withdrawn. At this point, this Court takes no position as to the veracity of the claim made against Mr. Collins.
[2] Defendant also argues that Plaintiff has suffered no loss as a result of the publication, but at this point this Court need not reach that question.
[3] Plaintiff references certain portions of Defendant's deposition testimony for the assertion that Defendant knew the statements to be false and yet mailed them anyway. The Court's review of the highlighted portions of the deposition do not lead to a similar conclusion. In any event, this assertion is clearly rebutted by Defendant's Memorandum, which on page three clearly and boldly contains the heading "Captain Collins is a `Sexual Predator' `Sexual Deviant'" and supported by Defendant's recitation of the facts.
[4] This Court pauses to note, as did our Supreme Court, that "abuse of process causes of action are disfavored."Fiorenzano, 983 A.2d at 590 n. 9 (citing Butera v.Boucher, 798 A.2d 340, 354 (R.I. 2002)).