DECISION
In this quiet title and declaratory judgment action, Defendants Guy Settipane ("Settipane"), Mortgage Electronic Registration Systems ("MERS"), and Deutsche Bank (collectively, "Defendants") moved for summary judgment. Christopher Reynolds ("Plaintiff") objected. The parties were heard on April 26, 2011. The Court took Defendants' Motion for Summary Judgment under advisement.
 I Facts and Procedural History
On August 25, 2006, Plaintiff executed a note ("Note") in the amount of $320,000 in favor of lender First NLC Financial Services, LLC ("First NLC"). This note was secured by a mortgage on Plaintiff's real property at 41 Medway Street, Providence, Rhode Island ("the property"). The mortgage, signed by Plaintiff-mortgagor, designates MERS as "a nominee for Lender and Lender's successor and assigns," and "the mortgagee under thisSecurity Instrument." (Def. MERS' Supp. to Mot. for Summ. J. Ex. 2 at 1 (hereinafter, "Mortgage") *Page 2 
(emphasis in original)). The Mortgage stated that "Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale." (Mortgage at 3.)
In January of 2008, First NLC filed for Chapter 11 Bankruptcy. In the reorganization, Deutsche Bank took over the Note and Mortgage, with MERS still nominee on the Mortgage. MERS then assigned its nominee interest in the Mortgage to Deutsche Bank. Plaintiff defaulted on the obligation, and Deutsche Bank initiated foreclosure proceedings.
On June 9, 2009, after Plaintiff had defaulted on his payment obligations under the Note and Mortgage, but before the impending foreclosure sale took place, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the District of Rhode Island, which halted the foreclosure sale by reason of the automatic stay against creditor action. SeeIn re: Christopher Reynolds, No. 1:09-BK-12265 (Bankr. D.R.I. Aug. 27, 2009). Thereafter, the Bankruptcy Court lifted the automatic stay on Deutsche Bank's motion, allowing Deutsche Bank to enforce its rights as creditor against the property by proceeding with a foreclosure sale.Id.
On the morning of the scheduled foreclosure, February 1, 2010, Plaintiff again sought the protection of the United States Bankruptcy Court, this time under the provisions of Chapter 13. Plaintiff did not act quickly enough to thwart the foreclosure sale, however, and Defendant Settipane prevailed at the sale with the highest bid for the property. The Chapter 13 petition worked its way through the Bankruptcy Court. Again, the Bankruptcy Court granted the creditors' motion to lift the automatic stay. As the foreclosure sale had already taken place, the Bankruptcy Court specifically ruled that the foreclosure sale was valid and that the creditor was permitted to exercise any and all of its rights pursuant to the agreements between the parties. See *Page 3 In re: Christopher Reynolds, No. 1:10-BK-10413 (Bankr. D.R.I. Apr. 21, 2010).
On October 15, 2010, Plaintiff filed this Declaratory Judgment and Quiet Title action. Plaintiff seeks a declaration that the foreclosure deed was void, a discharge of the mortgage, and return of clear title to him. Plaintiff's theory is that, for a variety of reasons, the foreclosure sale was flawed and the foreclosure deed the byproduct of this allegedly flawed foreclosure sale should be declared null and void.
The Defendants jointly moved for summary judgment. The parties were heard on April 26, 2011. At the hearing, the parties agreed to permit Defendant Settipane to submit certified copies of the exhibits he had attached to his original motion: the Mortgage, Assignment, and Bankruptcy Court paperwork. The Court took the matter under advisement.
 II Standard of Review
This Court will only grant a motion for summary judgment if "after reviewing the admissible evidence in the light most favorable to the nonmoving party[,]" Liberty Mut. Ins. Co. v. Kaya,947 A.2d 869, 872 (R.I. 2008) (quotation omitted), "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Super. R. Civ. P. 56(c).
The nonmoving party "has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Liberty Mut.,947 A.2d at 872 (quotation omitted). To meet this burden, "[a]lthough an opposing party is not required to disclose in its affidavit all its evidence, he must demonstrate that he has evidence of a substantial nature, as *Page 4 
distinguished from legal conclusions, to dispute the moving party on material issues of fact." Bourg v. Bristol Boat Co.,705 A.2d 969, 971 (R.I. 1998) (quotation omitted).
 III Analysis Res Judicata
Notably, Plaintiff does not dispute the existence of the indebtedness or his default in his payment obligations under the Note and Mortgage. Before inquiring into the existence of any other factual dispute, however, a preliminary issue of law must be addressed. Defendants raise the issue of res judicata given Plaintiff's multiple appearances in the United States Bankruptcy Court for the District of Rhode Island. Plaintiff's memorandum in support of his objection does not address this legal issue, but Plaintiff argued against application of the doctrine at the hearing.
"[T]he doctrine of res judicata serves as an absolute bar to a second cause of action where there exists identity of parties, identity of issues, and finality of judgment in an earlier action."Bossian v. Anderson,991 A.2d 1025, 1027 (R.I. 2010) (quotations omitted); seealso Restatement (Second) ofJudgments § 17(3) (1982). "Res judicata, or claim preclusion, prohibits the relitigation of all issues that were tried or might have been tried in the original suit." Bossian,991 A.2d at 1027 (citations omitted).
 A Identity of Parties
Both Bankruptcy Court actions centered on Plaintiff's financial condition and default on his obligations. Defendant Deutsche Bank was the creditor of the subject property who sought relief in both Bankruptcy Court actions. As the foreclosure buyer, Settipane was involved in the second action, which took place after the foreclosure sale. Settipane's level of involvement in *Page 5 
either action, and that of the other Defendants First NLC and MERS, however, is irrelevant. In Rhode Island, the identity of parties does not require the identical arrangement of identical parties. All that is required is "`[the] establishment that the party against whom [res judicata] is asserted was a party or in privity with a party to the prior action.'" Ret. Bd. of Employees'Ret. Sys. of State v. DiPrete, 845 A.2d 270, 282 (R.I. 2004) (quoting Ferguson v. Marshall Contractors, Inc.,745 A.2d 147, 154 (R.I. 2000)). This element is present in cases of non-mutual defensive res judicata, where a defendant seeks to preclude a plaintiff from relitigating a claim which the plaintiff previously litigated and lost against a different defendant. Restatement (Second) of Judgments §§ 17(2), 19. Here, Defendants seek to preclude Plaintiff, the debtor in both Bankruptcy Court actions, from relitigating his claims that the foreclosure sale was invalid. Thus, the Court finds that identity of parties exists.
 B Identity of Issues
Our Supreme Court mandates use of the "transactional" rule for discerning the identity of issues between the original action and the action sought to be precluded by res judicata.Bossian, 991 A.2d at 1027. "The transactional rule provides that `all claims arising from the same transaction or series of transactions which could have properly been raised in a previous litigation are barred from a later action.'" Id. (quotingDiBattista v. State,808 A.2d 1081, 1086 (R.I. 2002) (citations omitted)).
In Plunkett v. State, our Supreme Court adopted the Restatement (Second) of Judgments definition of the transactional rule:
 "(2) What factual grouping constitutes a `transaction'[] and what groupings constitutes a `series'[] are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they *Page 6 form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." 869 A.2d 1185, 1188-89 (R.I. 2005) (quoting Restatement (Second) of Judgments § 24 (emphases and omissions in Plunkett)).
The Restatement explains that "[t]he present trend is to see [a plaintiffs] claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may [have] be[en] available to the plaintiff." Restatement (Second) ofJudgments § 24 cmt. a.
In the present matter, the facts giving rise to Plaintiffs claim are the same facts that gave rise to Plaintiffs objection to the motion of Deutsche Bank for relief from the automatic stay in the Bankruptcy Court regarding Deutsche Bank's ability to foreclose on the mortgage. The making of the Mortgage and Note contracts, First NLC's bankruptcy reorganization, the transfer of the Note and Mortgage to Deutsche Bank, and Plaintiffs default, which culminated in the foreclosure sale, precipitated all of this litigation. Specifically, the Second Bankruptcy Court action revolved around Plaintiffs contention that his indebtedness should be voided and his interest in the property restored because of defects in the chain of title resulting from Defendants' transfers of the Note and Mortgage. Thus, on the undisputed facts, the identity of issues element is satisfied.
However, the issue here is whether Plaintiffs title argumentscould have been heard in the Bankruptcy proceedings.Bossian, 991 A.2d at 1027 (quotation omitted) ("[t]he transactional rule provides that all claims . . . which could have properly been raised in a previous litigation are barred from a later action.").
Plaintiff cites G.L. 1956 §§ 9-30-1 and 8-2-13 for support of his argument that his claims could not have been heard in the Bankruptcy Court and thus are not precluded by the decisions *Page 7 
of that Court. Chapter 30 of Title 9 is the Rhode Island Declaratory Judgments Act. This Act vests in the Rhode Island Superior Court the power to declare the rights and obligations of the parties under contracts, deeds, and other writings. Section 9-30-1 et. seq.
Likewise, § 8-2-13 vests in the Rhode Island Superior Court the "exclusive original jurisdiction of suits and proceedings of an equitable character and of statutory proceedings following the course of equity." A quiet title action, such as the case at hand, is an action in equity properly brought in this Court pursuant to § 8-2-13. R.I. Hosp. Trust Nat'l Bank v. Boiteau,119 R.I. 64, 376 A.2d 323 (R.I. 1977)).
Defendant responds by arguing that in the Bankruptcy Court actions, Plaintiff had the opportunity to, and in fact did, argue the specific issues that comprise the instant dispute in connection with Plaintiff's opposition to Deutsche Bank's efforts to lift the automatic stay in order to proceed with foreclosure. Defendant further argues that, had the Bankruptcy Court noticed a legitimate issue of state law subject to the state courts' exclusive jurisdiction, the Bankruptcy Court could, and likely would, have stayed the proceedings and referred the matter to this Court or our Supreme Court, as it did in In re Barnacle,623 A.2d 445 (R.I. 1993).
Plaintiff correctly cites Rhode Island statutes that govern the jurisdiction of Rhode Island state courts. These statutes, however, despite "exclusive" language, do not limit the jurisdiction or power of the United States Bankruptcy Court for the District of Rhode Island. "Rights created by a state statute may be enforced in a federal court although the statute contemplates enforcement in a state court." 36 C.J.S.Jurisdiction § 10 at 47 (2003). This is because "[s]tate law cannot enlarge, limit, or otherwise affect the jurisdiction conferred on the federal courts by the Constitution and laws of the United States." Id. at 46. In fact, "any state law which frustrates the full effectiveness of federal law is rendered invalid by the Constitution's *Page 8 
Supremacy Clause." 5 Fed. Proc., L. Ed. Ch. 9 Bankruptcy Summary at 1 (2004). Consequently, "[i]f a state recognizes a cause of action, a state statute confining certain actions to a particular state court does not prevent the federal court from entertaining such a suit." 36 C.J.S. Jurisdiction § 10 at 47.
Bankruptcy court judgments are given preclusive effect by state and federal courts. For example, in Stoll v. Gottlieb, the United States Supreme Court held that a bankruptcy court judgment discharging a debt was res judicata against the creditor's subsequent state court action to recover against the guarantor of the debt. 305 U.S. 165 (U.S. 1938). The Supreme Court affirmatively refused to consider whether the bankruptcy court even had jurisdiction over the subject matter of the creditor-guarantor relationship. Id. at 171. The Supreme Court reasoned that, even if the bankruptcy ruling discharging the debt was improper, the creditor failed to object to the confirmation of the reorganization plan, thus, the bankruptcy court order was res judicata
against him. Id. at 172.
Here, Plaintiff did not object to the lifting of the stay in the first Bankruptcy Court action. The Bankruptcy Court ruled that Deutsche Bank possessed the right to foreclose and was permitted to exercise that right. Plaintiff's invocation of the Bankruptcy Court's jurisdiction and acceptance of its rulings isres judicata. Id. at 172.
In the second Bankruptcy Court action, Plaintiff did object, and in support thereof argued the same substantive grounds for quieting title that he argues here in the Superior Court. Plaintiff argued that Deutsche Bank "lacks standing to file a motion for relief from stay. [Deutsche Bank]'s claim is based on defective title resulting from an unauthorized MERS assignment of mortgage. [Deutsche Bank] does not possess the mortgage note." In re: ChristopherReynolds, No. 1:10-BK-10413 (Debtor's Obj. to Mot. for Relief from Stay). The *Page 9 
Bankruptcy Court ruled that Deutsche Bank's "foreclosure sale of [the property] was a valid sale, [which] remains in full force and effect." Id. (Order, Apr. 21. 2010). Thus, the rationale behind the doctrine of res judicata is even more strongly implicated here than it was in Stoll, where the creditor failed to object but was nonetheless barred from relitigating his claim, because here Plaintiff objected to the disposition of his assets and was heard on the substance of his objection.
Our Supreme Court afforded a Bankruptcy Court judgment preclusive effect in DiSaia v. Capital Industries, Inc.,113 R.I. 292, 320 A.2d 604 (R.I. 1974). In DiSaia, the Bankruptcy Court ruled that the creditor's claim was disallowed, meaning that the claim was unenforceable.Id. at 298, 320 A.2d 607. Our Supreme Court held that the disallowance in Bankruptcy Court precluded the creditor's subsequent state court action to collect the same debt because the debtor's decision to invoke the jurisdiction of the Bankruptcy Court constituted consent by the debtor to have his rights adjudicated by that forum on the claims asserted.Id. at 296-97, 320 A.2d at 606. Likewise, Plaintiff in the instant action twice chose to invoke the jurisdiction of the Bankruptcy Court to have his rights and the rights of his creditors adjudicated by that forum. Id. at 296-97, 320 A.2d at 606.
Also, the doctrine of res judicata does not require that the relief sought in the subsequent action be identical to the relief sought in the original action. Res judicata bars an action that is predicated on the same factual transaction as a previous action "`regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff.'" Plunkett,869 A.2d at 1189 (quoting Restatement (Second) ofJudgments § 24 cmt. A). For example, the relief a debtor seeks in bankruptcy proceedings is a declaration of rights and title to the debtor's property. The relief the creditors seek is the lifting of the automatic stay against enforcement of debt owed by the debtor. As discussed, state and federal *Page 10 
courts of general jurisdiction have precluded claims relating to ownership of and rights to property where those claims were adjudicated in a bankruptcy court. Here, Plaintiff sought a declaration of his rights and title to the subject real property in the two Bankruptcy Court actions, asserting claims identical to the claims underlying the declaration sought in the present matter. Defendants seek to enforce their rights arising out of Plaintiff s undisputed indebtedness.
This Court finds that the identity of issues element is satisfied here. Our state statutes merely govern the jurisdiction of our state courts; they do not limit the adjudicative powers of federal courts.See 36 C.J.S. Jurisdiction § 10; 5 Fed. Proc, L. Ed. Ch. 9 Bankruptcy Summary. Thus, the Bankruptcy Court could have heard, and in fact did hear, Plaintiffs claims concerning his and his creditors' competing interests in the subject property. Despite the fact that Plaintiff re-framed this case as a Declaratory Judgment and Quiet Title action, and seeks a different form of relief, the Bankruptcy Court actions were predicated on the same facts and issues as in the present matter. The transactional rule looks to the factual predicate of the claims asserted rather than the legal theories upon which a party relies.Plunkett 869 A.2d at 1188-89 (quoting Restatement (Second) ofJudgments § 24). This is so `"regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff"Plunkett, 869 A.2d at 1189 (quoting Restatement (Second) ofJudgments § 24 cmt. A). This Court is satisfied that Plaintiff had two opportunities to be heard on his claims of defective title and the validity of Deutsche Bank's foreclosure in the forum of Plaintiff s own choosing, thus, identity of issues exists.
 C Finality of the Judgment
The third element is also satisfied because final judgment was entered via the first Order *Page 11 
granting Deutsche Bank relief from the automatic stay on August 27, 2009; final judgment was also entered via the second Order on April 21, 2010, which also granting the creditors relief from the stay. There is no evidence that either action has been appealed.
In August of 2009, in the context of a Chapter 7 Bankruptcy, judgment decreed that the automatic stay against enforcement of debt was lifted in favor of the Lender, permitting the Lender to "exercise[] its non-bankruptcy rights and remedies under its agreements with [Plaintiff]." These agreements with Plaintiff included the Mortgage securing the property as collateral for plaintiff's indebtedness on the Note. The Bankruptcy Court Order further stated that the Lender's "non-bankruptcy rights" "includ[e], without limitation, taking possession of the property . . . [and] foreclosing its mortgage." In re: Christopher Reynolds, No. 1:09-BK-12265 (Bankr. D.R.I. Aug. 27, 2009). Thus, the availability of the foreclosure remedy to Deutsche Bank was unequivocally resolved in the first Bankruptcy action on identical facts which implicated the same legal issues raised in this case.
In April of 2010, this time in the context of a Chapter 13 Bankruptcy, judgment again decreed that the automatic stay was lifted. In re: Christopher Reynolds, No. 1:10-BK-10413. As the foreclosure sale had already taken place, this judgment decreed that "Lender's mortgage foreclosure sale . . . was a valid sale, remains in full force and effect, and entitles the lender to . . . tak[e] possession . . . [and] record[] a foreclosure deed."Id. Thus, the ultimate question at issue here — the validity of the foreclosure sale — was again unequivocally resolved in the Bankruptcy Court on identical facts which implicated the same legal issues raised in this case.
Our Supreme Court held in DiSaia that the Bankruptcy Court's disallowance of a claim was res judicata against enforcement of the claim in state court. Id. Our Supreme Court overturned the trial justice's decision to permit the claim because the claim had simply been *Page 12 
disallowed, but not specifically ruled invalid or void, and the disallowance was therefore not a judgment on the merits.Id. at 298, 320 A.2d at 607. Our Supreme Court disagreed with the creditor's claim that the Bankruptcy Court judgment was not a final judgment on the merits because the reasons for the disallowance were not detailed in the decision.Id. at 298, 320 A.2d at 607. Our Supreme Court held that "a[] [Bankruptcy Court] order allowing or disallowing a claim is a judicial act, binding and conclusive upon the parties."Id. at 298, 320 A.2d at 607.
Here, the element of adjudication on the merits is equally compelling because, as detailed above, the heart of Plaintiff's case — propriety of the foreclosure — was specifically determined in two Bankruptcy proceedings. Neither Bankruptcy Court judgment states the reasons for lifting the stay, permitting the foreclosure sale to proceed, and ultimately finding that the foreclosure sale was a valid sale. Nonetheless, "[s]ince the order [] contains no reservations, it seems to us that it would be unreasonable to assume that the [Bankruptcy] court intended its order to mean anything other than a final adjudication on the merits." Id. at 298, 320 A.2d at 607.
Plaintiff notes that his current attorney entered his appearance for Plaintiff late in the second Bankruptcy Court proceedings, and that Plaintiff had previously litigated pro se. The Court does not find this fact significant. The Rhode Island Supreme Court expects a pro se litigant to familiarize himself with the law and rules of procedure. Sentas v. Sentas,911 A.2d 266, 270 (R.I. 2006) (citing Faerber v. Cavanagh,568 A.2d 326, 330 (R.I. 1990)). This includes familiarization with the concept of preclusion. Title Inv. Co. of America v.Fowler, 504 A.2d 1010 (R.I. 1986) (applying doctrine of resjudicata to pro se litigant).
Here, the second Bankruptcy Court docket sheet shows that Plaintiff's attorney entered his appearance on March 16, 2010. Plaintiff, through his attorney, objected to Defendants' Motion to Lift the Stay. The Order approving of Deutsche Bank's foreclosure sale was entered *Page 13 
over one month later, on April 21, 2010. The case was closed on September 23, 2010, over seven (7) months after Plaintiffs attorney entered his appearance. Given our Supreme Court's expectations of a pro se litigant, combined with Plaintiffs zealous representation by his attorney for over seven (7) months during the second proceeding, this Court is satisfied that application of res judicata against Plaintiff on the basis of Plaintiff s two unappealed losses — one prose, the other with the assistance of counsel — is appropriate.
 CONCLUSION
Plaintiffs claims are precluded as a matter of law pursuant to the doctrine of res judicata. Thus, Defendants are entitled to judgment as a matter of law. Defendants' Motion for Summary Judgment is GRANTED. Counsel for the prevailing party shall submit an appropriate order for entry.

 *Page 1