DECISION
In this declaratory judgment and quiet title action, Defendants Central Pacific Mortgage Company ("Central Pacific"), Mortgage Electronic Registration Systems (MERS), and Federal National Mortgage Association ("FNMA") (collectively, "Defendants") jointly move for summary judgment. The Complaint concerns the rights of successors of the mortgage and the mortgage debt as well as the effects of the foreclosure sale conducted by FNMA upon Lori J. Derobbio's ("Plaintiff") real property. According to the Complaint, the ultimate consequence is that the foreclosing party, FNMA, had no right to exercise the statutory power of sale, thus rendering the foreclosure sale a nullity.
 I Facts Procedural History
On December 23, 2003, Plaintiff executed a note in favor of Central Pacific in the amount of $75,000. The note was accompanied by a mortgage securing Plaintiff's property at 68 Uxbridge Street, Cranston, Rhode Island. The mortgage defined MERS *Page 2 
"as a nominee for Lender and Lender's successors and assigns." And "the mortgagee under this Security Instrument." (Defs.' Supp'l Mem. in Supp. of Mot. for Summ. J. Ex. A p. 1 (emphasis in original).) The mortgage also detailed Plaintiff's consent to "mortgage, grant, and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, [the subject property] with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale." (Defs.' Supp'l Mem. in Supp. of Mot. for Summ. J. Ex. A p. 3.) MERS assigned its mortgagee interest to Fannie Mae on January 29, 2010. (Defs.' Supp'l Mem. in Supp. of Mot. for Summ. J. Ex. D.)
Defendants allege that Plaintiff eventually defaulted on her obligation. (Defs.' Supp'l Mem. in Supp. of Mot. for Summ. J. at 4.) FNMA held a foreclosure sale on April 12, 2010. A third party, who is not a party to this action, prevailed and recorded a mortgage deed.
A few hours after the foreclosure sale concluded, still on April 12, 2010, Plaintiff filed an action in the United States Bankruptcy Court for the District of Rhode Island. The next day, Plaintiff filed the instant action in the Rhode Island Superior Court. In conjunction with the Superior Court litigation, Plaintiff recorded alis pendens against the property.
In addition to pursuing the Superior Court action, in June of 2010 Plaintiff filed an Adversary Proceeding in the United States Bankruptcy Court for the District of Rhode Island. Plaintiff then filed numerous discovery requests in the Superior Court. The Bankruptcy Court presided over motions and dismissed the action on September 24, 2010. Justice Votolato ruled that the Bankruptcy Court abstained from adjudicating due *Page 3 
to the ongoing Superior Court action, as Plaintiff's Superior Court discovery requests evinced a preference for that forum. Justice Votolato also lifted the automatic stays regarding the disposition of Plaintiff's property.
Defendants filed this Motion for Summary Judgment on July 15, 2010. Plaintiff objected on February 11, 2011. The hearing on Defendants' Motion for Summary Judgment was scheduled for March 31, 2011. That day, this Court issued its decision in Porter v. First NLC Fin. Svs., No. PC-2010-2526 (R.I. Super. Mar. 31, 2011). In Porter, this Court granted summary judgment in favor of the defendant MERS on similar facts. Therefore, the parties agreed to continue the matter in order to consider the Porter analysis. Defendants submitted a supplemental memorandum on April 22, 2011 and Plaintiff submitted her supplemental memorandum on May 13, 2011. The Court then took the motion under advisement.
 II Standard of Review
This Court will only grant a motion for summary judgment if "after reviewing the admissible evidence in the light most favorable to the nonmoving party[,]" Liberty Mut. Ins. Co. v. Kaya,947 A.2d 869, 872 (R.I. 2008) (quotation omitted), "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as matter of law." Super. R. Civ. P. 56(c).
The nonmoving party "has the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." Liberty Mut., 947 A.2d at 872 *Page 4 
(quotation omitted). To meet this burden, "[a]lthough an opposing party is not required to disclose in its affidavit all its evidence, he [or she] must demonstrate that he [or she] has evidence of a substantial nature, as distinguished from legal conclusions, to dispute the moving party on material issues of fact." Bourg v. Bristol Boat Co.,705 A.2d 969, 971 (R.I. 1998) (quotation omitted).
 III Analysis
Through use of an opposing affidavit made on Plaintiff's personal knowledge and setting forth facts which would be admissible in evidence, Plaintiff has disclosed to this Court genuine issues of material facts. This Court finds that Plaintiff's sworn averments present sufficient evidence to preclude summary judgment. See Casey v. Town ofPortsmouth, 861 A.2d 1032, 1037 (R.I. 2004) (noting the role of deposition testimony in a summary judgment adjudication). Additionally, Plaintiff's averments "demonstrate that [she] has evidence of a substantial nature . . . to dispute the moving party on material issues of fact." Bourg, 705 A.2d at 971. The affidavit presented to this Court, by Plaintiff, demonstrates that two issues of fact exist, namely, that she did not receive notice of the foreclosure sale and that she was not in default on her note.
In her affidavit, Plaintiff avers that she received no notice of the foreclosure. Although Plaintiff pled failure of notice in her Complaint (Compl. ¶ 27), and Defendants denied failure of notice in its Answer (Ans. ¶ 27); Defendants did not account for this contention in their Motion for Summary Judgment. Defendants' affidavit in Support of their Motion for Summary Judgment is devoid of any facts pertaining to the notice of the foreclosure. Furthermore, Defendants did not attach copies of letters or publications *Page 5 
related to the foreclosure. Summary Judgment is a proceeding in which the proponent must demonstrate by affidavits, depositions, pleadings and other documentary matter before the court that he or she is entitled to judgment as a matter of law and that there are no genuine issues of material fact. Palmisciano v. Burrillville Racing Ass'n,603 A.2d 317 (R.I. 1992). See Nihola v. John Hancock Mut. LifeIns. Co., 471 A.2d 945 (R.I. 1984) (when the moving party in his affidavit fails to establish the absence of a material issue of fact, the trial justice should deny the motion.); see alsoCapital Properties, Inc. v. State, 749 A.2d 1069 (1999). Defendants have failed to meet their burden on this issue. Thus, this Court finds there is a question of fact as to whether Plaintiff received notice of the foreclosure.
Plaintiff also avers in her affidavit that she did not default on her obligation, making the foreclosure, even if properly notice, invalid. It is well-settled that "[g]eneral assertions of fact issues, general denials, and conclusory statements . . . are insufficient to establish a genuine issue of material fact." Federal Procedure, L.Ed. § 62:647 p. 395 (West, 2004). However, Plaintiff's affidavit presents more than a conclusory denial of default. By referring to dates and documentary evidence in support of her timely payments, Plaintiff has satisfied her "affirmative duty to set forth specific facts showing that there is a genuine issue of material fact" as to default.Bourg, 705 A.2d at 971.
Plaintiff avers, by way of affidavit, that she sent three payments to servicer Bank of America on each of the following dates: January 1, 2011, January 15, 2011, and February 1, 2011. (Pl.'s Aff. ¶ 8.) Plaintiff avers that after receiving notice of default from Bank of America in late February, 2011, she called the bank to discuss the issue and remind the bank of her three recent payments. (Pl.'s Aff. ¶ 9.) Plaintiff further avers that *Page 6 
Bank of America informed her that it lost her checks. (Pl.'s Aff. ¶ 12). Plaintiff avers that eventually the checks were returned to her. (Pl.'s Aff. ¶¶ 16-18.) Plaintiff did not submit copies of the returned checks or the letters that accompanied them. Plaintiff has not indicated that she has deposed the Bank of America customer service agent who allegedly informed her that her checks were lost. However, Plaintiff has demonstrated that she has substantial evidence that she did not default on her obligations, but rather, that the bank lost her checks, and then accused her of not paying, while nonetheless aggressively pursuing foreclosure. Thus, Plaintiff has proven to this Court that there exists a question of fact as to whether Plaintiff was in default of her obligation under the promissory note, thus possibly rendering the foreclosure sale a nullity.
Through use of an opposing affidavit, Plaintiff has proven to this Court that there exists a genuine issue of material fact as to whether Plaintiff received notice of the foreclosure sale and whether Plaintiff was in default of her obligation under the note at the time of the foreclosure sale. After reviewing the submitted evidence in the light most favorable to the Plaintiff, this Court finds that there exist genuine issues of material facts, precluding an entry of judgment as matter of law in favor of Defendants.
 Conclusion
Defendants' Motion for Summary Judgment is DENIED. Counsel for the prevailing party shall submit an Order and Form of Judgment in accordance with this decision.

 *Page 1